**REFAC INTERNATIONAL, LTD., Plaintiff,**

**v.**

**HITACHI LTD., Kawasaki Motors Corporation, et al., Defendants.**

**No. CV87–6191–TJH (Bx).**

United States District Court, C.D. California.

May 31, 1991.

Craig Stein, Thomas Hanrahan, Los Angeles, Cal., Donald Cohn, for plaintiff.

Breton Bocchieri, Los Angeles, Cal., Surjit Soni, Pasadena, Cal., Anthony Witteman, Los Angeles, Cal., John Kraetzer, Oakland, Cal., James Henricks, Page Kaufman, Gary Clark, Los Angeles, Cal., for defendants.

## ORDER

VOLNEY V. BROWN, Jr., United States Magistrate Judge.

Through its counsel Chung and Stein, on September 17, 1987 Refac International, Ltd. ("plaintiff" or "Refac") commenced this action against 118 named defendants,

alleging infringement of its specified patents. Assigned then, as now, by District Court Judge Terry J. Hatter, Jr. to manage discovery disputes, the undersigned Magistrate Judge (then a Magistrate) first sanctioned plaintiff's counsel for discovery abuse and ordered that further and detailed discovery be given defendants by a specific date. Finding thereafter that the latter order had been disobeyed, the undersigned recommended to Judge Hatter that he enter a judgment of noninfringement as to each defendant, that he direct entry of a judgment dismissing the complaint with prejudice, and that he consider initiating a Rule 11 inquiry. Judge Hatter then did enter a judgment of noninfringement as to the products of each defendant having an LCD device made, use, imported, sold or offered for sale before May 15, 1990, and he dismissed the complaint, but with leave to amend the complaint to assert infringement against other products. He declined to address Rule 11 sanctions "at this time". Transcript of April 3, 1989 hearing, page 14. Defendants' motions for fees and costs, whether under 35 U.S.C. § 285, 28 U.S.C. § 1927 or otherwise, were denied, but fees were awarded under Rule 37, F.R.Civ.P. Order of May 11, 1989.

Refac appealed to the United States Court of Appeals for the Federal Circuit from Judge Hatter's Said order, and the Brico defendants cross appealed from that part of the order denying sanctions. In its published opinion, 921 F.2d 1247, 1253, the Court of Appeals affirmed in part, but remanded "to the district court for it to determine whether Rule 11 was violated when the complaint was signed and, if it so finds, to impose an appropriate sanction upon the person who signed it or upon Refac or both." Page 1257. Judge Hatter, in turn, has referred this matter again to the Magistrate Judge.

The motions of the defendants for Rule 11 sanctions, and for fees, costs and damages pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927, came on regularly for hearing before this Magistrate Judge on May 29, 1991, on all of the papers heretofore filed and the oral arguments of counsel.

Rule 11, Federal Rules of Civil Procedure, reads in pertinent part:

"... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper, that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law ... and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee."

■ The motions made under 35 U.S.C. § 285 and 28 U.S.C. § 1927 are hereby denied. The Federal Circuit remanded specifically for a Rule 11 consideration only. If, nevertheless, this court has jurisdiction, residual or otherwise, to consider the said motions, the Magistrate Judge hereby expressly declines to exercise it. Such awards as the moving parties might otherwise be entitled to under Section 285 and 1927 are, in any event, hereinafter largely awarded as Rule 11 sanctions.

With respect to the Rule 11 motion, the Magistrate Judge now makes the following findings of fact.

1. The plaintiff is Refac International, Ltd., a corporation which owns three United States patents, 3,744,049 (the " '049 patent"), 3,855,783 (the " '783 patent"), and 3,955,355 (the " '355 patent."). At all times here pertinent, before the filing of the complaint, at that time, and after that time to and including the date of the dismissal of the complaint by Judge Hatter, Refac's president was Philip Sperber, himself an experienced patent attorney. It was Mr. Sperber who conceived and directed the

filing of this action, and of similar actions in other District Courts throughout the United States. Mr. Sperber was, in turn, advised by expert patent counsel Peter Corbin of New York.

2. The subject motion for sanctions and other relief was filed by defendants Brico International Corporation, Golden Pacific Electronics, Inc., Hansen Sales Corp. d/b/a Travel–Tech International, and Kin Son Electronics (USA), Inc. (the "Brico Defendants"), all represented by the law firm of Sheldon & Mak, on October 24, 1990. A supplemental memorandum in support of their motion was filed on January 16, 1991.

3. Defendant 1554 Corp. doing business as the Mellinger Co. ("1554") joined the Brico Defendants' motion by a notice filed on October 30, 1990.

4. Defendant Tomix Watch Trading Co., Inc. ("Tomix") joined the Brico Defendants' motion by a notice filed on November 2, 1990.

5. Defendant May Department Stores Company ("May") joined Brico Defendants' motion by a notice filed on November 5, 1990.

6. Defendant Fortel Corporation ("Fortel") joined the Brico Defendants' motion by a notice filed on November 7, 1990.

7. Defendant Lucky Stores, Inc., doing business as Gemco ("Gemco"), joined the Brico Defendants' motion by a notice filed on November 8, 1990 and, on the same day, filed a supplemental memorandum in support of its joinder in that motion.

8. Defendant Circuit City Stores, Inc. ("Circuit City") joined the Brico Defendants' motion by a notice filed on November 9, 1990.

9. Defendant Leo's Stereos, Inc. ("Leo's Stereos") joined the Brico Defendants' motion by a notice filed on November 9, 1990.

10. Defendant Clarion Shoji Co., Ltd. (USA) ("Clarion") joined the Brico Defendants' motion by a notice filed on November 12, 1990.

11. Defendant Tele–Com Products, Inc. ("Tele–Com") filed its motion for an order finding this an "exceptional case" under 35 U.S.C. § 285 (the "Tele–Com Motion") on

November 16, 1990, and obtained an order consolidating the hearing on its motion with the hearing on the Brico Defendant's motion.

12. Defendant DAK Industries, Inc. ("DAK") filed its motion for sanctions under Fed.R.Civ.P. 11, 28 U.S.C. § 1927, and 35 U.S.C. § 285 (the DAK Motion") on December 19, 1990.

13. Defendant Fortel joined in the Tele–Com Motion by a notice filed on January 9, 1991.

14. Defendant Gemco joined in the DAK Motion and the Tele–Com Motion by a notice filed on January 10, 1991 and, on the same day filed a supplemental memorandum in support of its joinder in those motions.

15. Defendant Circuit City joined in the Tele–Com Motion by a notice filed on January 15, 1991.

16. Defendant Leo's Stereo joined in the Tele–Com and DAK Motions by a notice filed on January 16, 1991 and, on the same day filed a supplemental memorandum in support of its joinder in those motions and the Brico Defendants' Motion.

17. Defendant Kawasaki Motors Corp. ("KMC") filed a motion for sanctions under Fed.R.Civ.P. 11, 28 U.S.C. § 1927, and 35 U.S.C. § 285 (the "KMC Motion") against Refac and Chung & Stein on January 16, 1991.

18. Defendant 1554 joined the DAK Motion by a notice filed on January 23, 1991.

19. Defendant Tele–Com joined the KMC Motion by a notice filed on January 30, 1991.

20. On January 30, 1991, Refac filed a memorandum in opposition to the motions for sanctions, and it filed a supplemental opposition memorandum on February 6, 1991. Chung & Stein, initial counsel for Refac and still co-counsel, filed their own opposition memorandum on January 30, 1991, which also joined the first Refac opposition. Chung & Stein did not join the supplemental opposition memorandum filed by Refac.

21. On or before May 15, 1991, the Brico Defendants' Gemco, DAK, KMC, and Tele–Com filed briefs in reply to the opposition briefs filed by Refac and Chung & Stein.

22. The defendants identified above will be referred to collectively as the "Moving Defendants."

23. None of the Moving Defendants manufactures liquid crystal display electronics.

24. The Brico Defendants are importers and wholesalers of products including liquid crystal display components. Tele–Com purchases products from other companies which contain liquid crystal display components, as do May, Fortel, Circuit City, Clarion, KMC, DAK, and Leo's Stereos. Gemco at one time operated a chain of membership-only retail stores which may have purchased and sold some products containing liquid crystal display components.

25. Chung & Stein is a law firm composed of Eric T.S. Chung and Craig Stein. Chung & Stein represented Refac exclusively in this lawsuit from the beginning and through the appeal to the Federal Circuit. Thomas P. Hanrahan of Sidley & Austin, and Donald J. Cohn of New York have now also appeared for Refac.

26. In opposing the Rule 11 motions, Refac depends upon the written declarations and opinions of its President Philip Sperber and of its technical expert Stephen Fowler, attached to its Opposition filed January 30, 1991. By these, Refac contends now, as earlier when the same contentions were rejected by this Magistrate Judge, that every modern LCD product marketed in 1987 relied upon one or more of the claims described by the '049 patent. This is simply untrue, as plaintiff's counsel have several times admitted in open court.[1] LCD devices were made, and yet may be made containing circuitry antedating '049 technology. It is agreed that these will sell only for low prices, because they are not durable, but since there is no evidence that plaintiff purchased, or indeed priced, any of the accused items, some or all may not have been "modern". The claim that all liquid display time pieces with a blinking colon or other blinking indicia sold in the 1980's infringed the '783 patent is no more tenable, in that it is admitted for Refac that not all of the accused products were examined before the filing of the complaint; some were catalog items, pictures of which did not show blinking. In addition, the evidence is that '783 LCDs blink once per second; there is no evidence at all that those of the accused products which blinked blinked at that rate. Finally, it is contended that LCD calculators containing a timekeeping function that switched off when the calculator was used all violated the '355 patent. But again, there is no evidence whatever that Refac examined any such accused product to determine if timekeeping ceased when the calculator was used.

27. Refac assumed without justification that all of the accused products violated one or more of its patents, but made no reasonable (or any) investigation to confirm this. Refac has not asserted, and there is no evidence by which it can be found that it engaged in any successful reverse engineering or inspection of circuit diagrams of accused products. In fact, Refac appears to admit a total lack of reverse engineering of subject products by asserting that in connection with another suit it had attempted unsuccessfully to reverse engineer some products of the defendants. It failed in this, but the record shows that it could have succeeded if it had purchased and used certain equipment. As an alternative, plaintiff could have demanded circuit diagrams from defendant, their vendors or the suppliers of the latter, but did not.

28. Refac sued Tele–Com even though Tele–Com was selling at least some LCD products made by manufacturers such as CDT, Sanyo, and Panasonic which were licensed, or about to be licensed, by Refac. Refac and Chung & Stein apparently made no investigation prior to filing the complaint to determine whether Tele–Com was

---

1. The Federal Circuit agrees, referring to "the admittedly erroneous assertion that *any* LCD infringed the '049 patent." 921 F.2d at 1254, emphasis the Circuit's.

selling licensed products, or products just about to be licensed. Even after filing the complaint, Refac ignored for months Tele–Com's requests to dismiss the action against Tele–Com with respect to the licensed products.

29. The insufficiency of Refac's precomplaint investigation is shown by its inability (or disinclination) to obey the order of this Magistrate Judge to, in the words of the Federal Circuit, "spell out a proper basis for charging infringement more than a year after bringing suit." 921 F.2d at 1255.

30. Refac did not make a "reasonable inquiry" to determine that its complaint was well grounded in fact, and the complaint was not well grounded in fact.

31. Refac's failure to make reasonable inquiry before filing the complaint, and its failure timely (or at all) to disclose to the defendants as ordered by this Magistrate Judge on July 12, 1988, have needlessly increased the cost of this litigation to each of the defendants, within the meaning of Rule 11.

32. As between Refac and its counsel Chung & Stein, ultimate decisions were made by the former, and Chung & Stein not unreasonably accepted the direction of its client, given the superior expertise, experience and factual knowledge of Mr. Sperber, his experts and his east coast counsel.

33. Any findings of fact which may be considered conclusions of law, and any conclusions of law which may be considered findings of fact, are so designated.

With respect to the Rule 11 motion, the Magistrate Judge now makes the following conclusions of law.

1. "(T)he central purpose of Rule 11 is to deter baseless filing in District Court." *Cooter & Gell v. Hartmarx Corporation,* 496 U.S. 384, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990). Rule 11's goal is "specific and general deterrence." *Id.,* 110 S.Ct. at 2460.

2. Rule 11 imposes an affirmative duty of investigation both as to law and as to fact before a paper is filed with the court. *Golden Eagle Distrib. Co. v.*

*Burroughs Corp.,* 801 F.2d 1531, 1536 (9th Cir.1986). Once a violation of Rule 11 is found to exist, sanctions are mandatory. *Id.* at 1540.

3. Rule 11 by its express terms require imposition of a sanction when a violation of the rule is found.

4. Bad faith is not required to make the Rule 11 violation sanctionable. *Estate of Blas v. Winkler,* 792 F.2d 858, 860 (9th Cir.1986), although Refac's "conduct throughout this action belies good faith." 921 F.2d at 1256.

5. Reliance on forwarding counsel may satisfy an attorney's duty of reasonable inquiry. *Unioil v. E.F. Hutton & Co., Inc.,* 809 F.2d 548, 558 (9th Cir.1986, as amended on denial of rehearing and rehearing en banc, 1987; *cert. denied,* 484 U.S. 822, 108 S.Ct. 83, 98 L.Ed.2d 45 484 U.S. 823, 108 S.Ct. 85, 98 L.Ed.2d 47 (affirming sanctions in an amount fixed by this Magistrate Judge, page 559). It was reasonable in this case for Chung & Stein to rely upon factual representations of Sperber and Corbin, which they sufficiently tested by inquiry and analysis. Refac did not depend upon Chung & Stein for factual analysis, and it was itself expert in patent litigation.

6. Imposing sanctions in the amount of reasonable expenses, including attorneys fees, incurred because of a filing in violation of Rule 11 is permitted. *Id.,* page 559.

7. Refac violated Rule 11 by failing to make the minimum required factual inquiring before the filing of the complaint, and it should pay sanctions accordingly. Chung & Stein did not violate Rule 11 in this action, and they should not pay any sanctions on account of their filing of the complaint.

8. The "appropriate sanction" which Refac should pay for its violation of Rule 11 is all of the expenses including attorney's fees, incurred by each and every defendant herein (including cross- or third-party defendants) from the time of the filing of the complaint through claims for sanctions hereunder including attorney's

fees for moving for or joining in the Rule 11 motions, but excluding fees and costs *actually paid* by Refac pursuant to awards by this court and the Court of Appeals for the Federal Circuit, and excluding also "consequential" damages, as for loss of sales, reputation and business opportunity.

IT IS THEREFORE ORDERED:

1. Refac is guilty of a Rule 11 violation for filing the complaint herein without first making reasonable factual inquiry.

2. Chung & Stein are not guilty of a Rule 11 violation herein.

3. Refac shall pay as the appropriate sanction for its said violation of Rule 11 all of the expenses, including attorney's fees, incurred by all of the other parties and each of them, whether they joined in the Rule 11 motions or not, but excluding those who made and completed a comprehensive settlement with Refac herein. Refac shall have as a credit against the sanctions herein ordered all amounts actually paid by it, or in its behalf, on or before June 14, 1991, against sums previously ordered paid by this court or the Court of Appeals, but shall not have any credit on account of any sum not *actually paid* by June 14, 1991. Refac shall not pay to defendants any sanction for a consequential loss.

4. Each defendant shall on or before July 19, 1991 serve and file its itemized Claim for Sanctions Award, showing by declaration or affidavit the sanctions due it pursuant to this order, and showing what sums, if any, have been received by it by June 14, 1991 from Refac. Defendants who have fully settled with Refac shall not file. Refac shall have to and including August 16, 1991 to serve and file its Opposition to Claims for Sanctions, if any.

5. An appeal to Judge Hatter from this order shall be timely if made within 10 days of the service and filing of the Supplemental Order of this Magistrate Judge, fixing the total amount of sanctions to be paid by Refac and the award to each claiming party.

SUPPLEMENTAL ORDER FIXING SANCTIONS TO BE PAID BY REFAC INTERNATIONAL, INC.

This is the Order fixing sanctions required by the United States Court of Appeals for the Federal Circuit in 921 F.2d 1247 (1990), and by reference of United States District Judge Terry J. Hatter, Jr., as more fully described in the Order of this Magistrate Judge of May 31, 1991, attached and by reference made a part hereof. An appeal to Judge Hatter shall be timely if made within ten days of the service and filing hereof. 28 U.S.C. § 636(b)(1)(B) and the said Order of May 31, 1991.

*Claim of Brico Defendants*

A combined claim has been submitted by Sheldon & Mak, Jeffrey G. Sheldon and Surjit P. Soni on behalf of Brico International Corporation, Golden Pacific Electronics, Inc., Hansen Sales Corp. dba Travel–Tech International, Kin Son Electronics (USA), Inc., Luxury International, Inc., A & A Electronics Co., Walconic Enterprises (USA) Inc. and Selectronics, Inc., hereinafter "Brico defendants", and a Supplemental Claim filed August 19, 1991 has also been considered on behalf of out-of-the-country defendant Golden Pacific Electronics, Inc. As to the Brico defendants the Magistrate Judge has carefully read and considered as well Refac's Opposition, filed August 27, 1991, the Brico defendants' Reply filed August 30, 1991, and Refac's Rebuttal filed September 9, 1991.

 In their said papers, counsel argue as to how the appropriate sanctions should be measured, Refac contending for the minimum that will serve adequately to deter the undesirable behavior, and the Brico defendants asking for a multiplier. The measure has already been established by this Magistrate Judge in his said May 31, 1991 Order: "all of the expenses, including attorney's fees, incurred by all of the other parties and each of them", and the court is not persuaded to modify this measure. Of course, only "reasonable" expenses will be awarded, as the law generally, and Rule 11 specifically, provides. Nor are the compar-

isons of counsel with the law pertaining to other rules, or the facts of other cases, particularly helpful. The Federal Circuit, District Judge Hatter and this Magistrate Judge have all determined to award sanctions solely under Rule 11, and the facts of this case make it thoroughly unique.

■■■ Without minimizing in the least the significant contributions of other defense counsel, the Magistrate Judge finds that the lawyering most decisive to the outcome, and the most helpful to the court, was done by Surjit P. Soni and his firm. His preparation was immaculate, though no more than necessary given the stakes and complexities. His clients proved to be, and they should have been, most willing to pay his fees and expenses. There is no evidence that he has overbilled in any respect; in fact, his accounting is so precise that the Magistrate Judge is able to, and he will disallow certain itemized claims. All members of the bar of this court are presumed honorable and wholly accurate in their representations to the court. Mr. Soni has proved the validity of the presumption throughout the proceedings by weighing every word and proofing every representation. His accounting contained in the Brico defendants' claim is a veritable model. The general pleas of Refac's counsel to reduce fees and costs, and particularly those incurred post-dismissal, are rejected.

The Magistrate Judge accepts the approach adopted in the Brico defendants' claim; it is appropriate and intelligible. Consistently with the measure adopted, prejudgment interest incurred or paid by defendants is awarded as claimed. The fees charged and sought by the Brico defendants' counsel are reasonable and consistent with those charged by others of similar competence in this community. The hours claimed are reasonable given the results, the quality and quantity of the work submitted and the demonstrated accuracy of preparation.

The net initial claim of the Brico defendants of $597,132.65 is therefore approved, modified only as follows: Expert fees of $2,909.50 (Claim, page 208) are disallowed. Parking for January 25, 1989 of $1,793.11

(Claim, page 211) is disallowed in its entirety, as probably a typographical error and in any event patently excessive. The initial claim is therefore approved and awarded in the sum of $592,430.04.

■■■ The Supplemental Brico Defendant Claim on behalf of Golden Pacific Electronics, Inc. for $39,750.00 is found largely unreasonable. Declarant Vice President of Finance Laura Chiu claims, together with President Wilson Chiu, to "have supervised the defense." Given the competence of their legal counsel, this supervision was largely unnecessary. Certain records and facts were, however, produced to counsel. Fifty hours of Ms. Chiu's time is found to have been sufficient for this purpose; at her rate of $45.00 per hour, a further $2,250 is awarded. Refac shall accordingly pay as sanctions to the Brico defendants the total sum of $594,680.04.

### Claim of Kawasaki Motors Corp. U.S.A.

Manning many of the oars on the other side of what Refac colorfully characterizes as the defenses' "three-tired galleon where a more modest rowboat would have been much more fitting", was the law firm of Poms, Smith, Lande & Rose in behalf of Kawasaki, DAK and Tele–Com. These lawyers did original, necessary and effective work, as distinguished from adopting or joining in the work of co-counsel.

■■■ The claim on behalf of Kawasaki Motors Corp. U.S.A. fully meets the requirements established for such a claim, and is itself the product of competent lawyering. The fees claimed are those actually agreed to and billed to the client, are appropriate in relation to the quality and quantity of the papers filed and the arguments made, and are at rates competitive in the legal community. Costs are found reasonable. It is not inappropriate that more is claimed for work after Judge Hatter's dismissal than before, that is to say in connection with the appeal to the Federal Circuit and as to the Rule 11 proceedings. The amount of awards in other cases is not relevant, given the Byzantine character of these proceedings. Refac shall, therefore,

pay as sanctions on account of the Kawasaki Motors defense the full sum claimed, $266,295.09.

### Claim of Tele–Com

Tele–Com is another Poms firm client, and its claim, the analysis thereof and the opposition thereto are substantially similar to that of Kawasaki. The rates claimed, the hours worked and the expenses stated are found reasonable and necessary. The claim of Tele–Com President Dennis J. Awad received and survived special scrutiny: it is reasonable. Refac shall, therefore, pay as sanctions on account of Tele–Com the full sum claimed, $76,873.91.

### Claim of DAK Industries, Inc.

DAK was represented herein by the Poms firm from September, 1987 to June, 1990, but since the transfer of William J. Robinson to Graham & James in July, 1990, it has been represented by the latter firm. The rates claimed, the hours worked and the expenses stated are found reasonable and necessary. Refac shall, therefore, pay as sanctions on account of DAK the full sum claimed, $168,093.82.

### Claim of Circuit City Stores, Inc.

■ Refac criticizes this claim, as well as that of Lucky Stores and Fortel Corp. for "riding on the coattails" of the Brico and Kawasaki defendants at unreasonable expense. As to Circuit City, the complaint is also that New York and local counsel in effect double billed. Opposition, page 17. But Circuit City is the largest retailer of independent brand consumer electronics products in the country, in which capacity its exposure in this action was great. Although its counsel did not take the lead in the action, it was as claimed certainly necessary to monitor closely. The amounts sought were actually billed to a valued and long-term client. In the circumstances they are found reasonable and necessary. Refac shall, therefore, pay as sanctions on account of Circuit City Stores, Inc. the full sum claimed, $88,829.18.

### Claim of Lucky Stores, Inc.

■ Lucky Stores survives the same analysis given as to Circuit City. The amount claimed have been actually billed and, except as to the most recent month, actually paid by the defendant corporation. Costs, although not broken down, are proportionate to those in other, more detailed claims and appropriate in a case where the plaintiff sued more than 100 defendants, who in turn were represented by some 50 law firms. The liability of Lucky Stores was rationally viewed "as potentially large." Refac shall, therefore, pay as sanctions on account of Lucky Stores, Inc. the full amount claimed, $61,587.96.

### Claim of Fortel Corporation

Fortel Corporation is the last of the alleged coattail riders. Again the lawyer-client relationship was long-continued, and the amounts claimed were billed and paid by the client. Again the risk posed by the suit to the client was "substantial." The hours claimed were certainly worked, the rates were appropriate in this legal community, and the costs were as would be expected. Refac shall, therefore, pay as sanctions on account of Fortel Corporation the full sum claimed, $81,203.10. If the $1,112.80 ordered paid by this Magistrate Judge on February 22, 1989 was timely paid, the amount now to be paid is reduced to $80,090.30.

### Claim of Leo's Stereo

Leo's Stereo claim for a net of $17,128.05 is found reasonable, as having been necessarily incurred and billed to the client. The client benefitted, and Refac now will, from a sometimes apportionment of charges with Tele–Com. Refac shall, therefore, pay as sanctions on account of Leo's Stereo the full sum claimed, $17,128.05.

### Claim of ABC International Traders, Inc.

Despite their repeated attempts to do so, counsel for ABC proved unable either to settle out their client or to determine which of its goods were accused of infringing. They then assumed a "passive role" in the

action and incurred no more fees than "absolutely required." Still the fees and costs actually, reasonably and necessarily billed to the client came to $18,444.50, no part of which has been paid. Refac shall, therefore, pay as sanctions on account of ABC International Traders, Inc. the full sum claimed, $18,444.50.

### Claim of Twentieth Century Fox

This defendant seeks a modest $2,465.00 in legal fees and a nominal $179.09 in expenses. These being wholly reasonable, Refac shall pay as sanctions on account of Twentieth Century Fox the full sum claimed, $2,644.09.

### Claim of Hewlett–Packard Co.

The fees charged to, and the costs incurred on account of this defendant were necessary and reasonable, no part of which had been paid by Refac by June 14, 1991. Refac shall therefore pay as sanctions on account of Hewlett–Packard Co. the full sum claimed, $19,719.90.

### Claims of Specialty Merchandise Corporation, Crown U.S.A., Inc. Premium Marketing, Inc.

The three corporations made a joint defense in this action, with resulting economy. The claim is a model of accuracy and brevity, illustrative of the quality of services rendered. The fees and costs were reasonably and necessarily incurred, the rates charged were appropriate in the community, and all were actually billed to the clients. Refac shall therefore pay as sanctions on account of these three defendants the full sum claimed, $12,731.61.

### Claims of Applause, Inc. and Albertson's, Inc.

This is another joint claim for a joint defense, to which there is no specific opposition. Fees and costs would have been less but for Refac's failure to indicate at the outset that it had settled with one of Applause's licensors. The fees and costs were reasonably and necessarily incurred, the rates charged were consistent with those charged in the legal community, and all were actually billed to valued and existing clients. Refac shall therefore pay as sanctions on account of these two defendants the full sum claimed, $16,195.24.

### Claim of Premium Crafters, Ltd.

In the drama of this action, Premium Crafters, Ltd. was a walk-on player without a speaking part. If anyone spoke specifically on behalf of this defendant at any hearing, the Magistrate Judge does not recall it. The party filed a two-page answer, answered interrogatories and made joinders. In all of this it was represented by its President, whose qualifications are that he was a prelaw student and has considerable business experience. Refac complains vigorously of Premium Crafters' claim for $51,596.00. Opposition, page 18. The opposition is justified; the claim is not.

Premium Crafters' exposure in this action may be likened to that of Applause, Inc., the defense of which, in round figures came to $11,500.00. Anything in excess of this amount, incurred by a person largely untrained in the law, is unreasonable. Refac shall, therefore, pay as sanctions to Premium Crafters, Ltd. the sum of only $11,500.00.

### Claims of Carter Hawley Hale Stores, Inc. and Sharper Image

Harris, Kern, Wallen & Tinsley claims $6,590.00, apparently including costs, on account of their client Carter Hawley Hale Stores, Inc., and $3,995.00 again apparently including costs, on account of their client Sharper Image. Plaintiff has "no objection" to these. Opposition, page 17. Refac shall, therefore, pay as sanctions on account of Carter Hawley Hales Stores, Inc. the sum of 6,590.00, and on account of Sharper Image the sum of $3,995.00.

### Compliance Date

Unless this Order is stayed or modified by Judge Hatter and/or the Federal Circuit, Refac shall pay the sanctions herein above set forth, in the total sum calculated as $1,446,511.49, on or before November 25, 1991. If this Order is stayed, Refac

shall pay when and as directed by the District and/or Circuit Courts.

Dated: October 28, 1991.