Oct. 6, 1999.

DOME PATENT L.P., a California
limited partnership, Plaintiff,

v.

PERMEABLE TECHNOLOGIES, INC.,
a New Jersey Corporation, et al.,
Defendants.

No. 98–CV–6247L.

United States District Court,
W.D. New York.

Sept. 27, 1999.

Douglas Jones, Chamberlain, D'Amanda, Oppenheimer & Greenfield, Rochester, NY, John P. Sutton, Bryan Hinshaw and Barnet, San Francisco, CA, Koorosh Afshari, Bryan, Hinshaw & Barnet, Inc., San Francisco, CA, for plaintiff.

Henry D. Coleman, New York City, James T. FitzGibbon, Vedder, Price, Kaufman & Kammholz, Chicago, IL, Brian B. Shaw, Cumpston & Shaw, Rochester, NY, Virginia Hulvey Meyer, Law Offices of Virginia H. Meyer, Sausalito, CA, Herbert W. Larson, Larson and Larson, Largo, FL, H. William Larson, Larson & Larson, P.A., Largo, FL, Harry C. Post, Griggs, Robinson, Post, Henderson & Smith, LLP, Dallas, TX, Michael Wolford, Wolford & Leclair LLP, Rochester, NY, Mario F. Greco, Edward W. Remus, Priscilla F. Gallagher, McAndrews, Held & Malloy, Ltd., Chicago, IL, John P. Sutton, Bryan Hinshaw and Barnet, San Francisco, CA, James Metzler, Boylan, Brown, Code, Fowler, Vigdor & Wilson, Rochester, NY, James R. Vogler, Gregory H. Gardella, Foley & Lardner, Chicago, IL, for defendants.

### DECISION AND ORDER

LARIMER, Chief Judge.

### INTRODUCTION

Plaintiff, Dome Patent L.P. ("Dome"), commenced this patent infringement action in the United States District Court for the Eastern District of California on December 30, 1997. On May 18, 1998, District Judge Garland E. Burrell, Jr. of the Eastern District of California signed an Order transferring the case to this district pursuant to 28 U.S.C. § 1404(a).

Defendant Polymer Technology ("Polymer") has moved to dismiss the complaint under Rule 11 of the Federal Rules of Civil Procedure. In addition, prior to the transfer of this action, Polymer and three other defendants had filed motions for a more definite statement pursuant to Fed.R.Civ.P. 12(e). These motions had not been decided when the case was transferred to this district.

### BACKGROUND

Dome is the holder of United States Patent No. 4,306,042 ("the '042 patent"), entitled "Method of Making a Contact Lens Material with Increased Oxygen Permeability." This patent describes a method of making an oxygen-permeable material for the manufacture of contact lenses. This process involves the synthesization of a monomer known as "TRIS" by following certain specific steps. The claim limitations in the patent require that certain reactants be mixed together, and the mixture added to water whose volume is from three to ten times that of the mixture. This new mixture is then agitated from thirty minutes to forty-eight hours, after which it is allowed to separate into layers, filtered, and distilled to remove unwanted byproducts. The resulting TRIS is then combined with two other components, one of which is an oxygen-permeable "crosslinking" agent. The crosslinking agent joins polymer chains together to permit the manufacture of a three-dimensional product.

One significant aspect of the '042 patent is that is calls for an oxygen-permeable crosslinking agent. This allows more oxygen to reach the wearer's cornea, which allows the lenses to be worn comfortably for longer periods of time. The complaint alleges that all the defendants have infringed, induced others to infringe, and contributed to infringement of the '042 patent through the use, sale and manufacture of silicone-acrylate contact lenses embodying oxygen-permeable crosslinkers covered by the claims of the '042 patent.

The basis for Polymer's motion to dismiss is its contention that Dome has not established a good-faith basis for the allegations of the complaint only with respect to the last claim limitation, i.e. the presence of an oxygen-permeable crosslinking agent. According to Polymer, the '042 patent does not merely claim a combination of TRIS with other components, but rather TRIS made by a very specific process. Unless Polymer employs that exact process in preparing its TRIS, then, Polymer contends that it would not and could not be violating the patent. Polymer states that Dome has admitted that

it has no knowledge of how Polymer prepares its TRIS, and therefore Dome cannot have alleged in good faith that Polymer has violated the '042 patent. Dome responds that it has alleged enough to set forth a viable claim for patent infringement, that it has a good-faith belief that Polymer has infringed, and that many of the relevant facts are within Polymer's sole knowledge and may be obtained only through discovery.

## DISCUSSION

### I. Polymer's Motion to Dismiss Under Rule 11

Rule 11(b) of the Federal Rules of Civil Procedure provides, *inter alia*, that

> [b]y presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed under an inquiry reasonable under the circumstances, . . . the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

■ If, after notice and a reasonable opportunity to respond, the court finds that this section has been violated, it may impose a sanction upon the violator. Such sanctions may be nonmonetary as well as monetary, and can include dismissal. *See Carman v. Treat*, 7 F.3d 1379, 1382 (8th Cir.1993) (district court did not abuse discretion in dismissing inmate's civil rights action as sanction for filing motion containing allegations that had no basis in fact). Here, Polymer seeks only dismissal; it does not request any monetary sanctions. In considering Polymer's motion, however, I am mindful that the Second Circuit "ha[s] long recognized that dismissal is a harsh remedy, not to be utilized without a careful weighing of its appro-

priateness." *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir.1996) (footnote omitted).[1]

■ In addition, "Rule 11 should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion to dismiss or a motion for a more definite statement or a motion for summary judgment." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1336 at 97 (2d ed.1990). It is not clear whether Polymer concedes that the complaint here is facially sufficient to state a claim for patent infringement, but the thrust of its motion is not directed at the complaint itself, but at the basis upon which Dome—or its attorney—made the allegations contained in the complaint.

On its face, the complaint does appear adequate. Form 16 of the Appendix of Forms to the Federal Rules of Civil Procedure sets forth a form complaint for infringement of a patent. The form consists of only four paragraphs alleging jurisdiction and the underlying facts, plus a demand for relief. The paragraph alleging infringement states simply that "[d]efendant has for a long time past been and still is infringing [plaintiff's] Letters Patent by making, selling, and using electric motors embodying the patented invention, and will continue to do so unless enjoined by this court." The form complaint does not set forth in detail precisely which claim limitations of the patent are embodied in the defendant's product, or precisely how the defendant's product infringes on the plaintiff's patent.

Rule 84 states that "[t]he forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." Courts have held that a complaint that sets forth at least as much information as the complaint in Form 16 is therefore sufficient to withstand a motion to dismiss under Rule 12(b)(6) or a motion for a more definite statement under Rule 12(e).

---

1. Although since this is a patent case any appeal from this Decision and Order would be taken to the Court of Appeals for the Federal Circuit, that court, in reviewing a district court's exercise of its discretion in determining an issue not unique to patent law, such as the application of Rule 11, looks to the law of the circuit in which the district court sits. *Vardon Golf Co. v. Allied Golf Corp.*, No. 94 C 1332, 1996 WL 451305 *1 (N.D.Ill. Aug. 7, 1996) (citing *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed.Cir.1996)). With respect to the general standards for applying Rule 11, therefore, I am guided primarily by the law of this circuit.

*See, e.g., OKI Elec. Indus. Co. v. LG Semicon Co.,* Civ. 97–20310, 1998 WL 101737 *3–4 (N.D.Cal. Feb. 25, 1998); *Soli–Tech, Inc. v. Halliburton Co.,* 97–CV–10232, 1993 WL 315358 *3 (E.D.Mich. Jan. 26, 1993).

The complaint here alleges, *inter alia,* that "Polymer has infringed, and induced others to infringe, and contributed to infringement under 35 U.S.C. § 271 and continues to infringe, claims of the '042 patent by use, sale and manufacture in the United States, of silicone-acrylate contact lenses embodying oxygen-permeable cross-linkers covered by the claims of the '042 patent." Complaint ¶ 18. Clearly, then, the complaint on its face adequately sets forth a claim for patent infringement.

■ The focus, therefore, is not on the facial sufficiency of the complaint, but on the factual basis upon which Dome's counsel relied in signing and filing the complaint. In considering this issue, the court must first determine whether an objectively reasonable evidentiary basis for the claim existed at the time counsel signed the complaint. If such a basis existed, "no inquiry into the adequacy of the attorney's pre-filing investigation is necessary." *Hadges v. Yonkers Racing Corp.,* 48 F.3d 1320, 1329 (2d Cir.1995). If there was no objectively reasonable foundation, however, the court must then scrutinize the attorney's pre-signing inquiry. *American Nat'l Can Co. v. Continental PET Technologies, Inc.,* No. B:90–CV–558, 1995 WL 839229 *3 (D.Conn. Aug. 21, 1995) (citing *Calloway v. Marvel Entertainment Group,* 854 F.2d 1452, 1470 (2d Cir.1988), *rev'd in part on other grounds sub nom. Pavelic & LeFlore v. Marvel Entertainment Group,* 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989)).

■ A factual claim lacks an objectively reasonable basis when, "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the ... modification ... of existing law." *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 254 (2nd Cir.1985), *cert. denied,* 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987). Sanctions are therefore appropriate when it

is "patently clear that a claim has absolutely no chance of success." *Id.* In deciding the motion in this case, the focus must be not on whether Polymer is in fact infringing, but "on the information available to [Dome's attorney] at the relevant times." *Oliveri v. Thompson,* 803 F.2d 1265, 1279 (2d Cir.1986), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).

After reviewing the record, I find that there is a sufficient objective evidentiary basis for Dome's claim against Polymer, and that Polymer's Rule 11 motion must be dismissed. Although Dome concedes that it does not know precisely how Polymer prepares its contact lens material, it has presented enough of a basis for its claim of infringement to pursue its claim and to amplify it through discovery.

Dome states that prior to commencing this action, it had testing performed on three different Polymer contact lens materials to determine whether the contents of those materials indicated that Polymer was following the Dome's patented process. According to one of Dome's attorneys, John P. Sutton, Esq., who holds a degree in chemistry and has been involved in prior litigation involving the same patent, the results of these tests showed that the same oxygen-permeable crosslinker used in Dome's products is present in the Polymer products.

In addition, Dome states that Polymer has admitted that it uses an oxygen-permeable crosslinker. In a letter dated March 16, 1998, counsel for Polymer stated that Polymer produced a number of "oxygen permeable contact lens materials, each of which is a silicone acrylate utilizing silicone cross linking agents. . . ." Polymer's Motion to Dismiss Ex. C.

Dome also contends that it has a good-faith basis to believe that Polymer's contact lens materials contain methyl methacrylate and a siloxanyl component, as called for in the '042 patent. Dome states that *every* manufacturer of rigid gas-permeable contact lens material uses these components to provide rigidity, machinability and oxygen permeability. Dome has also submitted copies of documents from the American Chemical Society's

Chemical Abstract Service, which is available to the public over the Internet. Dome states that these documents show the presence of methyl methacrylate and other substances covered by the '042 patent.

■ I believe that Dome has shown a sufficient basis for the allegations of the complaint to satisfy Rule 11. Although Dome may not know precisely how Polymer produces its contact lens materials at each stage of the process, such information is obviously within the exclusive knowledge and control of Polymer at this stage. This is not like cases involving mechanical or electrical objects that can be taken apart and "reverse engineered" to deduce the method of their manufacture. *See, e.g., Judin v. United States,* 110 F.3d 780, 784 (Fed.Cir.1997) (neither plaintiff nor his attorney attempted to obtain bar code scanner from Postal Service so that they could dissect or reverse engineer the device); *Refac Int'l, Ltd. v. Hitachi Ltd.,* 141 F.R.D. 281, 286 (C.D.Cal.1991) (plaintiff did not make reasonable inquiry to determine that its complaint was well grounded in fact where plaintiff made no attempt to reverse engineer defendant's liquid crystal display components). Dome contends that because this case involves chemical processes in which the substances used react with one another to produce new substances, Dome cannot take a sample of Polymer's finished product and "unscramble the egg" until the product is broken down into its original components. Even if it could do so, that would not necessarily establish exactly what substances Polymer started with, the quantities used, or the exact sequence and duration of the stages of the process. Since Dome has not been able to observe how Polymer produces its materials, I believe that Dome was justified in relying the results of the chemical analyses of those materials in alleging infringement. Discovery may ultimately prove those allegations to be false, but at this stage the requirements of Rule 11 have been met.

This result finds support in *Cambridge Products, Ltd. v. Penn Nutrients, Inc.,* 962 F.2d 1048 (Fed.Cir.1992). There, the plaintiff accused the defendant of infringing the plaintiff's patent claiming a method of preparing chloride-based mold inhibitors. The plaintiff subsequently moved to voluntarily dismiss the action for reasons unrelated to the merits of its claim, and the district court granted the motion. Defendant then moved for attorney's fees under Rule 11, but the court denied the motion.

On appeal, the defendant "argue[d] that although Cambridge performed an independent chemical analysis of its allegedly infringing product, Cambridge did not make any attempt to determine the method by which the 6BA liquid was made before the complaint was filed and that a simple phone call to Penn would have revealed that the method was not the same." *Id.* at 1050. The defendant argued that the plaintiff's attorney, in signing the complaint and other papers, therefore could not reasonably have believed the infringement allegations to be true. The Court of Appeals for the Federal Circuit rejected this argument, stating that

> Cambridge appears to have undertaken a reasonable pre-filing inquiry in preparing for and commencing this litigation. Cambridge had tested a sample of the allegedly infringing product and had commissioned further chemical analyses and acquired documentary evidence that appeared to confirm that the product alleged to infringe fell within the chemical specifications of the patented method. Without the aid of discovery, any further information was not practicably obtainable. Thus, Cambridge met the Rule 11 standard for filing and maintaining its case.

*Id.*

The same is true here. If, as Polymer contends, Dome has no precise knowledge of a number of facts relevant to the method by which Polymer produces its contact lens materials, that is attributable to the difficulty, if not impossibility, of Dome obtaining that information without discovery. Polymer's motion to dismiss based on a violation of Rule 11 is therefore denied. *See also Marley Co. v. FE Petro, Inc.,* 38 F.Supp.2d 1070, 1082 (S.D.Iowa 1998) (whether plaintiff's observations of defendant's product were sufficient to establish good-faith belief of infringement is for jury to decide, especially where product has complicated internal structure that is not readily observable).

## CONCLUSION

Defendant Polymer Technology Incorporated's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 11 (Docket Item 42) is denied.

IT IS SO ORDERED.