BAUSCH & LOMB, INC., Plaintiff,

v.

ALCON LABORATORIES, INC., Defendant.

No. 94–CV–6534L.

United States District Court, W.D. New York.

Jan. 5, 2000.

Michael Wolford, Wolford & Leclair LLP, Rochester, NY, Denis A. Polyn, Jill K. Schultz, Bausch & Lomb, Incorporated, Rochester, NY, Robert L. Baechtold, Scott K. Reed, Dominick A. Conde, Gregory B. Sephton, Daniel R. Cahoy, Fitzpatrick, Cella, Harper & Scinto, New York City, for Bausch & Lomb Incorporated, plaintiff.

William L. Dorr, Harris, Beach & Wilcox, Rochester, NY, W. Edward Bailey, Kevin J. Culligan, A. Peter Adler, Charles A. Krauss, Fish & Neave, New York City, for Alcon Laboratories, Inc., defendant.

Denis A. Polyn, Jill K. Schultz, Bausch & Lomb, Incorporated, Rochester, NY, Robert L. Baechtold, Scott K. Reed, Steven C. Kline, Fitzpatrick, Cella, Harper & Scinto, New York City, for Bausch & Lomb Incorporated, counter-defendant.

### DECISION AND ORDER

LARIMER, Chief Judge.

Bausch & Lomb Incorporated ("B & L"), the plaintiff in this patent infringement action, has filed a motion to preclude defendant Alcon Laboratories, Inc.'s ("Alcon") patent law expert, Robert L. Harmon, Esq., from testifying at trial. B & L contends that Alcon intends to call Harmon as a witness almost solely for the purpose of having him instruct the jury on Alcon's view of the law, thereby invading the exclusive province of the court. Alcon contends that B & L has mischaracterized Harmon's proposed testimony, and that all

he will testify about are Patent and Trademark Office ("PTO") practices and procedures regarding the examination of patent applications, reexamination proceedings, interferences, and so on.

## DISCUSSION

### I. Expert Testimony Concerning Legal Issues

Although any appeal of this decision would be to the Court of Appeals for the Federal Circuit, that court, in reviewing a district court's exercise of its discretion in determining an issue not unique to patent law, looks to the law of the circuit in which the district court sits. *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1276 (Fed.Cir.1999) ("Because these evidentiary rulings raise procedural issues not unique to patent law, this court applies the law of the regional circuit where appeals from the district court would normally lie"); *WMS Gaming, Inc. v. International Game Tech.*, 184 F.3d 1339, 1361 (Fed.Cir.1999); *Dome Patent, L.P. v. Permeable Technologies, Inc.*, 190 F.R.D. 88, 92 (W.D.N.Y.1999). Matters involving evidentiary issues, such as whether to exclude testimony, are therefore governed by the law of the circuit in which the district court is located. *See Mainland Indus., Inc. v. Standal's Patents Ltd.*, 799 F.2d 746, 749 (Fed.Cir.1986) ("Application of the rules of evidence is a procedural matter ..."; applying law of Ninth Circuit to evidentiary issue), *overruled on other grounds by A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020 (Fed. Cir.1992). Thus, in deciding B & L's motion, I am governed by Second Circuit law.

Expert testimony should not be admitted if it will not "assist the trier of fact." Fed.R.Evid. 702. District courts therefore have the duty to ensure that an expert witness's testimony "rests on a reliable foundation." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). District courts have "broad discretion" in

deciding whether to admit expert testimony. *Fiataruolo v. United States,* 8 F.3d 930, 941 (2d Cir.1993).

■ The Second Circuit has cautioned that "[t]he liberal rules governing expert testimony ... were not designed to open the door for the admission of all sorts of expert opinions thereby trespassing on the province of the jury and the trial court." *Id.* Although Rule 704 of the Federal Rules of Evidence states that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact," the Court of Appeals has also stated that "Rule 704 was not intended to allow experts to offer opinions embodying legal conclusions." *United States v. Scop,* 846 F.2d 135, 139 (2d Cir.1988). Simply put, testimony that is designed to instruct the jury on the applicable law is not admissible because, by purporting to do what lies with the exclusive province of the court, it cannot be helpful to the jury. *Id.* at 140.

## II. Harmon's Proposed Testimony

Harmon is an attorney with a Chicago law firm. He states that his entire legal career, which began in 1963, has been spent in the field of intellectual property law. Harmon holds a Bachelor of Science degree in electrical engineering in addition to his law degree. He is the author of a treatise, *Patents and the Federal Circuit* (BNA 1994).

In his expert report prepared for this litigation, Harmon states that he expects to testify about a number of matters. I will address these *seriatim.*

## A. Patent Applications And How They Are Examined

■ The first area about which Harmon expects to testify he describes as "Patent Applications And How They Are Exam-

ined." Expert Report of Robert L. Harmon ("Report"), B & L's Memorandum in Support of its Motion to Preclude Alcon's Patent Law Expert Ex. 2 at 4. To the extent that Alcon intends to elicit testimony from Harmon concerning the general procedures involved in the patent application process, such testimony may be helpful to the jury, and is therefore admissible. *See, e.g., Revlon Consumer Products Corp. v. L'Oreal S.A.,* No. 96–192, 1997 WL 158281 *3 (D.Del. Mar. 26, 1997) (defendants' expert would be allowed to "testify only as to matters of PTO practice and procedure"); *Cameco Indus., Inc. v. Louisiana Cane Mfg., Inc.,* No. 92–3158, 1995 WL 468234 *4 (E.D.La. July 27, 1995) (permitting expert to testify "about the patent application process, the operations and functions of the patent and trademark office, and the materiality of relevant prior art").

■ Harmon also states, however, that he expects to testify about "the problems Examiners encounter with the completeness or 'file integrity' of the 'shoes'[1] maintained at the PTO," and "the difficulties Examiners face in discovering and obtaining prior art references other than patents...." Report ¶ 12. He also "intend[s] to explain the time constraints under which Examiners in the PTO must operate." Report ¶ 13. I find such testimony to be inadmissible. It appears that the purpose of this testimony would be to attempt to undermine the presumption of validity under 35 U.S.C. § 282 by inviting the jury to speculate about possible defects, errors, or omissions in the application process that led to the issuance of the patent-in-suit ("the '607 patent"). If Alcon has evidence that there actually were defects in the particular application process at issue in this case, thus suggesting that deference to the PTO's determination may not be appropriate, it may seek to offer such evidence. But generalized testimony

---

1. Harmon states that a "shoe" in PTO parlance refers to a repository of prior art. Report ¶ 12.

about "problems" in the PTO is not admissible. *See Applied Materials, Inc. v. Advanced Semiconductors Materials America, Inc.*, No. 92–20643, 1995 WL 261407 *3 (N.D.Cal. Apr. 25, 1995) (excluding expert testimony concerning overwork at the PTO and other matters insinuating that the PTO does not do its job properly, as "irrelevant speculation"). As did the court in *Applied Materials*, however, I caution plaintiff that if it opens the door by suggesting that "some extraordinary deference is due in this case," *id.*, the court may revisit this ruling.

### B. Interference and Reexamination

■ Harmon states that he expects to testify about the "nature and purpose" of both interference and reexamination practice and procedure, including the terminology commonly used in those procedures. Report ¶ 16. Although B & L contends that Alcon seeks to have Harmon put his own "spin" on those procedures, B & L's Supplemental Reply Brief at 5, at this point I will not preclude this testimony. Obviously PTO procedures are foreign to the average person, and it may be helpful to the jury to hear someone experienced in those procedures explain how they operate in terms that a layperson can understand. If Harmon's testimony at some point strays beyond that into matters that are irrelevant or otherwise inadmissible, B & L can object at trial.

### C. Effective Filing Date of the '607 Patent

■ Harmon states that he expects to testify about several matters relating to the effective filing date of the '607 patent. First, he states that he expects to testify

that B & L filed a parent application ("the '643 application") on February 21, 1989. He also intends to testify that B & L later filed a continuation-in-part application ("the '290 application") on April 27, 1990, and that B & L abandoned the '643 application in favor of the '290 application.

At this point, I see no need for this testimony. Alcon can almost certainly put before the jury (if B & L has not done so already) evidence outlining the prosecution history of the '607 patent. Indeed, Alcon will likely be able to elicit such testimony from B & L's own witnesses on cross-examination. If, in light of the evidence that has or has not been presented by the time Harmon testifies, Alcon believes it necessary to have him testify on some of these matters, Alcon may make an application at that time, but at this point I do not intend to allow this testimony.

■ Harmon also states that he plans to testify about the meaning of the "effective filing date" of an application under 35 U.S.C. § 120 and relevant case law, and the meaning of "new matter" as it relates to the effective filing date. I believe that this testimony clearly amounts to instructing the jury on the law and should be excluded. "It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge." *Scop*, 846 F.2d at 140 (quoting *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 510 (2d Cir.), *cert. denied*, 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977)). The court will give whatever instructions concerning § 120 that it deems necessary.[2]

■ Harmon also states that he expects to testify that the effective filing date of the '607 patent is the filing date of the '290 continuation-in-part application.

---

2. I note that whether a patentee is entitled to use the date of a parent application can be a question of fact for the jury to decide, depending on the evidence in the case. *See, e.g., Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 1158–60 (Fed.Cir.1998) (holding that evidence did not support jury's finding that patentee was entitled to filing date of patent application, but expressing no concerns about fact that district court allowed the jury to make a finding on that issue); *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1565 (Fed.Cir.1993) (finding that district court correctly instructed jury on requirements of § 120), *cert. denied*, 511 U.S. 1031, 114 S.Ct. 1540, 128 L.Ed.2d 192 (1994). It appears, then, that some instructions on these matters will be appropriate.

He states that he bases this opinion on certain claim language in the '290 application that he believes constitutes "new matter," and that he will also base this opinion on the testimony of Alcon's expert witnesses.

At this stage, I will deny B & L's motion to preclude this testimony. In *Fiataruolo*, in which the plaintiffs sought a refund of tax penalties that had been assessed against them by the government, the Second Circuit held that the district court had not abused its discretion in allowing a certified public accountant to testify that one of the plaintiffs was not a "responsible person" under 26 U.S.C. § 6672, *i.e.* that he was not responsible for the payment of taxes. In so ruling, the Court of Appeals noted that

> Expert Cohen went through and explained in some detail the payroll checks and bank account statements, providing factual explanations for those procedures that were being followed at C & C Security. Then he offered his opinion based on those procedures as to whether Fiataruolo was responsible under § 6672. Cohen's testimony gave the jury helpful information beyond a simple statement on how its verdict should read. He couched his opinion specifically "on the evidence that I looked at and the work that I did." Thus, unlike the impermissible statements in *Scop*, Cohen's opinion was not a simple bald assertion of the law and was not designed to invade the province of the trial court. *Cf. Karns v. Emerson Elec. Co.*, 817 F.2d 1452, 1459 (10th Cir.1987) (finding admissible testimony of expert who "explained the bases for his opinions in sufficient detail to permit the jury to independently evaluate his conclusions"); *United States v. Milton*, 555 F.2d 1198, 1204 (5th Cir.1977) (finding admissible similar testimony that combined factual explanations and legal conclusions).

*Id.* at 942. Noting that the trial court admonished the jury that the expert's views were "not binding," the court stated

that "the instruction adequately protected against the jury's giving undue weight to Cohen's opinion." *Id.*

As described in his expert report, Harmon's proposed testimony giving an opinion about the effective filing date of the '607 patent is similar to the expert's testimony in *Fiataruolo*. He apparently plans to state the specific factual bases for his opinion, including the testimony of Alcon's scientific experts. *See Lemelson v. General Mills, Inc.*, No. 77 C 4558, 1987 WL 26134 *1 (N.D.Ill. Dec. 1, 1987) (ruling that patent law expert could render his opinions regarding patentability and infringement after he and the court had heard the testimony of the technical witnesses). In addition, since whether a claim limitation constitutes "new matter" for purposes of § 120 is more a legal than a scientific question, Harmon would appear to be qualified to testify in that regard, and I find that his testimony could be helpful to the jury. In addition, as did the district court in *Fiataruolo*, I will instruct the jury that Harmon's opinion testimony is just that: his opinion, and that they can give it whatever weight they think it deserves.

Having said this, however, I hasten to add that this ruling should not be viewed as granting Alcon *carte blanche* to introduce "all sorts of expert opinions" in this area. *Id.* at 941. Care must be taken to limit Harmon's testimony to his opinions about whether support for the claim limitations added to the '290 application were disclosed in the '643 application, and the factual bases for that opinion. If his testimony begins to stray into areas that lie within the province of the court or jury, I will not allow it. I therefore deny B & L's motion to preclude this testimony, but without prejudice to B & L's right to object at trial if it believes that Harmon's testimony goes beyond the scope of this ruling.

### D. Invalidity

■ Harmon states that he intends to testify about a number of matters relating

to what is required for a patent to be valid. He states that he will testify about the various requirements imposed by 35 U.S.C. §§ 102, 103, and 112, including matters relating to prior art, obviousness, enablement, and the "best mode" requirement. Harmon also expects to testify about the meaning of various terms of art, such as "prior invention," "conception," "reduction to practice," "written description," etc.

Based on his expert report, I believe that almost all of this proposed testimony is impermissible, as it is clearly "calculated to 'invade the province of the court to determine the applicable law and to instruct the jury as to that law.'" *Scop,* 846 F.2d at 140 (quoting *FAA v. Landy,* 705 F.2d 624, 632 (2d Cir.), *cert. denied,* 464 U.S. 895, 104 S.Ct. 243, 78 L.Ed.2d 232 (1983)). The court will instruct the jury regarding what is required of patents and patent applications, as well as what will render a patent invalid, consistent with Alcon's affirmative defenses. Testimony from a witness on those matters is unnecessary and improper. *See Amsted Indus. Inc. v. National Castings, Inc.,* 16 U.S.P.Q.2d 1737, 1990 WL 106548 *28 (N.D.Ill. July 11, 1990) (it would not be appropriate for patent law expert "to discuss the law governing patent validity ...").

I also note that Harmon's expert report, which was prepared prior to my December 22, 1999 Decision and Order denying Alcon's request for entry of judgment that the claims of the '607 patent are indefinite under 35 U.S.C. § 112 ¶ 2, indicates an intention to testify concerning the definiteness requirement of ¶ 2. At oral argument on the parties' *in limine* motions on December 21, 1999, I granted B & L's motion to preclude Alcon from offering evidence relating to its indefiniteness defense. Although I would grant B & L's motion to preclude this testimony in any event, since it constitutes an impermissible instruction on the law, for this additional reason there should be *no* testimony by Harmon relating to indefiniteness.

As with many of the matters raised by B & L's motion to preclude Harmon's testimony, however, it is difficult for the court to rule definitively on every single one of these matters at this juncture. Deciding whether Harmon may define a particular term for the jury, for example, may have to await the trial itself, so that the court can assess the nature of the proposed testimony in context, to determine whether it would be helpful to the jury, as well as whether it is truly just a definition meant to assist the jury in understanding what is being discussed, or an impermissible instruction on the law in the guise of a mere definition. I will therefore grant B & L's motion to exclude this testimony insofar as Alcon seeks to have Harmon testify about what the law requires, but Alcon may seek to have Harmon testify about strictly factual matters and definitions of technical terms, subject to any objection by B & L and the court's ruling on whether the testimony is admissible. *See Clintec Nutrition Co. v. Baxa Corp.,* No. 43 C 7050, 1998 WL 560284 *9 (N.D.Ill. Aug. 26, 1998) (granting motion to exclude testimony of Robert Harmon about "the nature and purpose of patents, how they are obtained and reexamined, and how they are to be interpreted and construed," but permitting Harmon to "help interpret the patent and the meaning of its claims, discuss scientific principles, and define terms ...").

### E. Inequitable Conduct

Harmon states that he expects to testify about certain matters relating to Alcon's affirmative defense of inequitable conduct on the part of B & L. Whether such testimony is admissible at all is also the subject of a motion *in limine* by B & L, which seeks to preclude Alcon from offering evidence before the jury concerning issues that the jury will not be asked to decide. In response to that motion, Alcon concedes that the issue of inequitable conduct is ultimately for the court to decide, but sug-

gests that the jury could render an "advisory" verdict on this issue and make underlying factual findings.

Since the court anticipates issuing its ruling on B & L's motion *in limine* in the near future, I believe that the matters relating to Harmon's testimony concerning inequitable conduct will best be dealt with in the context of that ruling. If I grant the motion *in limine*, then the proposed testimony would not be relevant to any issue before the jury, and would serve only to prejudice B & L. If I deny the motion *in limine*, some expert testimony may be appropriate, but the exact scope of the testimony that I will allow will be set forth in my ruling on the motion *in limine*.

## F. Trade Secret Misappropriation and Unfair Competition

■■■ Harmon states that he intends to testify about what constitutes a trade secret, misappropriation of a trade secret, and unfair competition under New York law. These matters relate to Alcon's counterclaims against B & L.

This proposed testimony is clearly inadmissible. It is not Harmon's role to instruct the jury on the applicable law. *Scop*, 846 F.2d at 140.

■■■ Harmon also states that he will testify about the facts underlying these counterclaims. Specifically, he intends to testify about his understanding that Dr. George Minno, one of the inventors named on the '607 patent, used to work for Alcon, that Dr. Minno later went to work for B & L, and that Dr. Minno wrongfully disclosed to B & L trade secrets that he had been exposed to at Alcon.

How Harmon is competent to testify about any of these matters is beyond me. He was not involved in any way in any of the relevant events, and his knowledge is strictly secondhand. Moreover, I cannot see how any of this proposed testimony constitutes expert opinion testimony under Rule 704. Harmon's purpose in testifying is to render his opinions about certain matters, not to testify about the facts of this case. Although he does state that he intends to testify that B & L engaged in unfair competition by misappropriating Alcon's trade secrets, that is a matter solely for the jury to decide, and is not appropriate "expert" opinion testimony. Harmon is offered as an expert on patent law and procedure, not on the law of unfair competition, and whether B & L engaged in unfair competition is well within the ken of a properly-instructed jury to decide. *See Scop*, 846 F.2d at 140 (expert witness "made no attempt to couch the opinion testimony at issue in even conclusory factual statements but drew directly upon the language of the statute and accompanying regulations concerning 'manipulation' and 'fraud' ").

## CONCLUSION

Plaintiff's Motion to Preclude Alcon's Patent Law Expert (Docket Item 113) is granted in part and denied in part. Defendant's expert, Robert L. Harmon, is precluded from giving testimony that purports to instruct the jury on the applicable law, that invades the province of the jury to make factual determinations, that is outside the scope of his expertise, or that I have otherwise ruled inadmissible, as specifically set forth in this Decision and Order. In all other respects, plaintiff's motion is denied.

IT IS SO ORDERED.