**MERIAL LIMITED and Merial SAS, Plaintiffs,**

v.

**INTERVET, INC., Defendant.**

No. CIV.A.1:05–CV3168CAP.

United States District Court, N.D. Georgia, Atlanta Division.

July 10, 2006.

firmed this court's decision in *Trism.* CSX *Transp., Inc. v. Trism Specialized Carriers,* *Inc.,* 182 F.3d 788 (11th Cir.1999).

Deborah L. Lu, Edgar H. Haug, Sandra Kuzmich, Thomas J. Kowalski, Frommer, Lawrence & Haug, New York City, J. Patrick Elsevier, PhD, Elizabeth K. Haynes, Robert L. Lee, Frank Garrett Smith, III, Alston & Bird, LLP, Atlanta, GA, for Plaintiffs.

John R. Hutchins, Williams G. James, Kenyon & Kenyon, Washington, DC, Mi-

chael D. Loughnane, Richard L. DeLucia, Kenyon & Kenyon, New York City, Thomas Hunter Jefferson, Smith, Gambrell & Russell, Atlanta, GA, for Defendants.

## ORDER

PANNELL, District Judge.

On April 27, 2006, the court issued an order dismissing this case without prejudice after concluding that Merial Limited ("Merial") lacked standing to sue for patent infringement solely in its own name. The defendant, Intervet, Inc., now seeks approximately $300,000.00 in attorney's fees and costs [Doc. No. 51] pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the inherent power of the court.[1] As grounds for its motion, Intervet argues that Merial: (1) brought suit even though its attorneys knew that Merial lacked standing, (2) attempted to obscure and conceal its standing problem, and (3) failed to adequately investigate its claims before bringing suit.

■ Generally, patent infringement suits are governed by the same rules that govern other federal litigation; each party bears its own expenses. Congress, however, has carved out two statutory exceptions to the general rule for patent infringement cases: 35 U.S.C. § 285 and 28 U.S.C. § 1927. In addition to these statutory provisions, courts possess the inherent power to assess attorney's fees as a sanction when a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir.2002).

■ Section 285 allows the court, in its discretion, to award attorney's fees to the prevailing party in exceptional cases. 35 U.S.C. § 285 (2000); *Cambridge Products, Ltd. v. Penn Nutrients, Inc.*, 962 F.2d 1048, 1050 (Fed.Cir.1992) ("The award of attorney fees under § 285 is within the discretion of the court...."). "A determination of whether a case is eligible for attorney's fees under § 285 is a two-step process." *MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1382 (Fed. Cir.2005). First, the court must determine whether the case is exceptional. *Id.* Second, the court must determine whether attorney's fees are appropriate. *Id.* The burden is on the prevailing party to prove that the case is exceptional. *See Machinery Corp. of America v. Gullfiber AB*, 774 F.2d 467, 470 (Fed.Cir.1985) ("Only after the prevailing party has established the exceptional nature of the case by clear and convincing evidence should the district court decide whether or not to make the award."). Exceptional cases include those involving misconduct during litigation, vexatious, unjustified, or bad faith litigation, or the failure to adequately investigate before filing suit. *See Epcon Gas Systems, Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed.Cir.2002).

■ In addition to awarding attorney's fees pursuant to § 285, the court may impose sanctions upon any attorney who unreasonably and vexatiously multiplies the proceedings.[2] 28 U.S.C. § 1927. Section 1927, however, is "not a 'catch all' provision designed to serve a basis for sanctioning any and all conduct courts want to discourage." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th

---

1. Intervet also asks the court for a one-day extension of time to file the present motion for attorney's fees [Doc. No. 52]. Merial does not oppose the extension.

2. Unlike 35 U.S.C. § 285, § 1927 applies to all civil cases, not just patent cases.

Cir.1997). Instead, "the statute was designed to sanction attorneys who 'willfully abuse the judicial process by conduct tantamount to bad faith.'" *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir.2003) (quoting *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir.1993)). A determination of bad faith is warranted where an attorney knowingly and recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims. *Id.*

■ The court concludes that the applicable standards are not satisfied in this case for an award of attorney's fees under either 35 U.S.C. § 285 or 28 U.S.C. § 1927. Even assuming that Intervet could be considered the prevailing party, Intervet has not established by clear and convincing evidence that this is an exceptional case under § 285. Regarding Merial's investigation prior to suit, there is evidence that Merial's attorneys performed a good faith, informed comparison of the claims of the '601 Patent against the information then available in the market, the description of Intervet's product in the USDA's Conditional License. There is also evidence that Merial tried to obtain a sample of Intervet's vaccine, but was unable to because the vaccine was not generally available to the public.

■ Merial and its counsel also did not unreasonably and vexatiously multiply the proceedings or otherwise act in bad faith. While the court ultimately determined that Merial lacked prudential standing, the court cannot say that Merial's standing argument was so frivolous as to warrant sanctions. The fact that Merial filed motions for a temporary restraining order and a preliminary injunction, moreover, does not change the court's conclusion. Aside from the standing issue, there is no evidence in the record that Merial did not have a legal basis for alleging patent infringement or believing that it would be irreparably harmed by Intervet's sale of its PCV–2 vaccine.

### Conclusion

For the reasons discussed above, the court DENIES Intervet's motion for attorney's fees and costs [Doc. No. 51]. On the other hand, the court GRANTS *nunc pro tunc* Intervet's unopposed motion for a one-day enlargement of time to file its motion for attorney's fees and costs [Doc. No. 52].