**CAMBRIDGE PRODUCTS, LTD., and Naremco, Inc., Plaintiffs–Appellees,**

v.

**PENN NUTRIENTS, INC., Defendant–Appellant.**

**No. 91–1514.**

United States Court of Appeals, Federal Circuit.

May 4, 1992.

---

Bernard L. Sweeney, Birch, Stewart, Kolasch & Birch, Falls Church, Va., argued, for plaintiffs-appellees. With him on the brief was Robert J. Kenney.

Richard O. Church, of Richard O. Church, Reading, Pa., argued, for defendant-appellant. Jeffrey M. Navon, Synnestvedt & Lechner, Philadelphia, Pa., was on the brief.

Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judge.

BENNETT, Senior Circuit Judge.

Penn Nutrients, Inc., seeks review of the August 21, 1991 decision of the United States District Court for the Eastern District of Pennsylvania which denied its motion for an award of attorney fees under Fed.R.Civ.P. 11 and 35 U.S.C. § 285 in connection with the voluntary dismissal with prejudice of Cambridge's infringement action. Cambridge and Naremco allege that Penn's appeal to this court is frivolous and that sanctions under Fed.R.App.P. 38 should be imposed against Penn in the form of full attorney fees and double costs. This court affirms the district court's denial of an attorney fee award to Penn, declines to impose Rule 38 sanctions and awards Cambridge attorney fees for this appeal.

## BACKGROUND

Since 1972, Naremco manufactured and sold methylrosaniline chloride-based mold inhibitors under the registered trademark *GV–11* and in 1977 received U.S. Letters Patent No. 4,044,152 (the '152 patent) which claimed "a Method of Preparing Methylrosaniline Chloride Anti–Microbial Compositions." Cambridge was Naremco's exclusive marketing agent for the mold inhibitor.

In 1987, Penn began to sell a competing mold inhibitor called "6BA Liquid 40% DS–3361," purchasing its methylrosaniline chloride from the same source Cambridge did and using it to manufacture its product. On June 3, 1988, Cambridge and Naremco brought an action in the Eastern District of Pennsylvania charging Penn with infringement of the '152 patent. Within two weeks of the trial date, Cambridge and Naremco moved under Fed.R.Civ.P. 41(a)(2) for voluntary dismissal of the action it had filed, with prejudice. Cambridge so moved based on a declaratory judgment issued by the United States District Court for the Western District of Missouri which would allow the FDA to publish a notice of proposed rulemaking to regulate and possibly ban the marketing of feed additive products containing methylrosaniline chloride and thus would result in "a severe and irreversible effect on the market ... and, therefore on the plaintiffs' financial position as well...." On February 28, 1990, the Pennsylvania district court entered an order granting the motion and dismissing the action with prejudice.

On March 26, 1990, Penn filed a motion claiming entitlement to attorney fees under 35 U.S.C. § 285 [1] and Fed.R.Civ.P. 11.[2] The district court ruled:

Upon consideration of defendant's motion for an award of attorneys fees, plaintiffs' substantive response, defendant's reply to plaintiffs' substantive response, and the parties' supporting memoranda, and because:

1. I approve of the reasons for denying defendant's motion set forth in plaintiffs' substantive response and adopt them as my own.

---

1. Section 285 of Title 35 U.S.C. states: "The court in exceptional cases may award reasonable attorney fees to the prevailing party."

2. Fed.R.Civ.P. 11 requires that all pleadings, motions and papers be signed thus asserting that, "to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that is not interposed for any improper purpose, such as to harass or to cause unneces-

sary delay or needless increase in the cost of litigation." Thus, the rule continues, that "[i]f a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee."

2. ACCORDINGLY, defendant's motion for an award of attorneys fees is DENIED.

Penn appealed. Cambridge and Naremco claim entitlement to attorney fees for this appeal in accordance with Fed. R.App.P. 38 [3], alleging that Penn's appeal is frivolous.

## DISCUSSION

### Standard of Review

The parties agree that the abuse of discretion standard governs our review of the district court's action in this case. In *Heat and Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1022, 228 USPQ 926, 930 (Fed.Cir.1986), this court said that "An abuse of discretion occurs when (1) the court's decision is 'clearly unreasonable, arbitrary or fanciful;' (2) the decision is based on an erroneous conclusion of law; (3) the court's findings are clearly erroneous; or (4) the record contains no evidence on which the district court rationally could have based its decision." Our decision in *PPG Indus. Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1572, 6 USPQ2d 1010, 1016 (Fed.Cir.1988), further explained the application of this standard, stating that "[d]iscretion, in this sense, is abused if the record contains no basis on which the district court rationally could have made its decision or if the judicial action is arbitrary, fanciful or clearly unreasonable...."

### Attorney Fees: Rule 11 & 35 U.S.C. § 285

Rule 11 requires that Cambridge have made a reasonable inquiry into both the facts and the law supporting particular pleadings. Penn argues that although Cambridge performed an independent chemical analysis of its allegedly infringing product, Cambridge did not make any attempt to determine the *method* by which the 6BA liquid was made before the complaint was filed and that a simple phone call to Penn would have revealed that the method was not the same. As a result of this supposed failure to fully investigate before filing suit, Penn argues that Cambridge's attorney, in signing the complaint, answers to interrogatories and plaintiff's substantive response to Penn's motion for attorney fees, could not have reasonably believed its infringement allegations to be true at the time they were submitted and thus that the district court abused its discretion in denying Penn's motion for attorney fees. Cambridge maintains that it proceeded at all times in the good faith belief that Penn's product infringed the '152 patent, which it still purports to believe, and that this is not an exceptional case warranting § 285 attorney fees.

■ Penn cannot meet its burden of showing that the district court abused its discretion in denying the award of attorney fees to Penn after the dismissal of Cambridge's action. The record contains evidence upon which the district court "rationally could have based its decision" and Cambridge appears to have undertaken a reasonable pre-filing inquiry in preparing for and commencing this litigation. Cambridge had tested a sample of the allegedly infringing product and had commissioned further chemical analyses and acquired documentary evidence that appeared to confirm that the product alleged to infringe fell within the chemical specifications of the patented method. Without the aid of discovery, any further information was not practicably obtainable. Thus, Cambridge met the Rule 11 standard for filing and maintaining its case.

■ The award of attorney fees under § 285 is within the discretion of the court, *Machinery Corp. v. Gullfiber AB*, 774 F.2d 467, 471, 227 USPQ 368, 371 (Fed.Cir. 1985), and the exceptional nature of the case must be established by clear and convincing evidence. *Reactive Metals and Alloys Corp. v. ESM Inc.*, 769 F.2d 1578, 1582, 226 USPQ 821, 824 (Fed.Cir.1985). In the case of awards to prevailing accused infringers such as Penn, (and if Penn qualifies as a prevailing accused infringer), "exceptional cases" are normally those of bad

---

**3.** Fed.R.App.P. 38 states: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

faith litigation or those involving fraud or inequitable conduct by the patentee in procuring the patent. *Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448, 455, 227 USPQ 293, 298 (Fed.Cir.1985). Thus, Penn bears the burden of establishing that Cambridge pursued this litigation in bad faith and that the district court clearly erred in failing to so find.

Penn has not established by clear and convincing evidence that this is an exceptional case under § 285 nor that Cambridge pursued this litigation in bad faith. Penn's bare assertion in its initial brief of entitlement under § 285 is not accompanied by any attempt at proving that this case is exceptional. Thus, Penn has not and cannot show that the district court abused its discretion in denying its claim for attorney fees.

Frivolous Appeal/Rule 38 Sanctions

■ In *Asberry v. United States Postal Serv.*, 692 F.2d 1378, 215 USPQ 921 (Fed. Cir.1982), this court established the practice of vigorously enforcing Rule 38. *See* Fed.Cir.Rule 38, Practice Note. This court in *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1579–80, 17 USPQ2d 1914, 1918 (Fed. Cir.1991), stated that the "frivolous as *filed*" standard consists of finding that "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue." Under the "frivolous as *argued*" standard, a case may indeed contain genuinely appealable issues, but this designation is applied when "the appellant's misconduct in arguing the appeal may be such as to justify holding the appeal to be 'frivolous as argued.'" *Romala Corp. v. United States*, 927 F.2d 1219, 1222 (Fed.Cir.1991).

Cambridge argues that Penn's appeal is both frivolous "as filed" and frivolous "as argued," in that it "is grounded in gross misrepresentations of the record below and of the holding of the district court" and that "Penn has not even attempted to demonstrate that the district court abused its discretion when it denied Penn's motion for attorney fees." Cambridge thus argues

that this court should impose sanctions against Penn of double costs and attorney fees under Fed.R.App.P. 38. Penn argues that its appeal is not frivolous under the "as filed" standard because the district court's decision was not "plainly correct" and because the appealable issue at stake is whether or not the district court abused its discretion in denying Penn's motion. Further, Penn maintains that its appeal is not frivolous under the "as argued" standard because it has taken

scrupulous care in representing the record below to this Court, and to point out both in principal and reply briefs where the district court ignored the evidence, and made errors of law concerning the doctrine of equivalents argument of Cambridge Products. Penn Nutrients does not seek to relitigate the issue of infringement because as a first matter, it was never "litigated" below since Cambridge Products withdrew its Complaint, and as a second matter, the issue on appeal is not whether Penn Nutrients infringed Cambridge Products' patent. Plainly, infringement was not finally adjudicated.

It is quite clear from the record what the district court did when it adopted the *reasoning* of the plaintiff's substantive response. The court did not adopt or incorporate any of Cambridge's factual or legal allegations nor did it adopt the memorandum itself as a whole. Despite Penn's repeated arguments that what Cambridge alleged in its response was what the district court had indeed found and adopted, the district court stated very clearly that it only adopted the *reasoning* of the response, not the merits factual and legal allegations contained therein. Nor did the district court make any fact findings based on plaintiff's substantive response.

Penn is stuck with the inconsistent positions it espoused, on one hand arguing that "[b]y adopting the arguments of Cambridge Products *in toto* as its own, the district court effectively held that the motion for attorney fees should be denied since there had been a direct infringement of The Patent," and then arguing that "in-

fringement had not been finally adjudicated." Despite its protests to the contrary, Penn misrepresented the import and the contents of the record on this appeal. This hardly represents a showing of "scrupulous care in representing the record to this court."

Although we do not hold that Penn's appeal is frivolous, its misrepresentations of the district court's determination raise a serious issue, one which regardless of any supposed lack of intent or understanding, merits a reprimand. We do not look with favor on "satellite litigation" of this sort, which simply increases the cost of litigation. Further, because this court and all federal courts possess the inherent power to assess attorney fees against counsel who wilfully abuse the judicial processes,[4] we therefore order the award to Cambridge of its reasonable attorney fees incurred on this appeal, holding Penn's counsel on this appeal personally liable therefor.

*AFFIRMED.*

*Attorney Fees for this Appeal to Cambridge and Naremco.*

4. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765–66, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980) ("There are ample grounds for recognizing ... that in narrowly defined circumstances [e.g., bad faith] federal courts have inherent powers to assess attorney's fees against counsel"); *see Laitram Corp. v. Cambridge Wire Cloth Co.,* 919 F.2d 1579, 1584, 16 USPQ2d 1929, 1933 (Fed.Cir.1990) (recognition of this court's inherent powers to discourage attorneys' vexatious conduct on appeal); *see also Eash v. Riggins Trucking, Inc.,* 757 F.2d 557, 562–68 (3rd Cir. 1985) ("[T]he [Supreme] Court acknowledged that although assessment of attorney's fees directly on an errant attorney was not a cost enumerated by Congress, the sanction was fully within the court's inherent powers").