**SERIO–US INDUSTRIES, INC., Plaintiff,**

v.

**PLASTIC RECOVERY TECHNOLOGIES CORP., Defendant.**

**No. CIV.A. WDQ–03–1382.**

United States District Court, D. Maryland, Northern Division.

June 5, 2003.

**468**

Thomas Matthew Buchanan, Winston and Strawn, Washington, DC, for defendant.

Matthew Wade Stavish, Sr., Liniak, Berenato and White, Bethesda, MD, for plaintiff.

## MEMORANDUM OPINION

QUARLES, District Judge.

This case comes before the Court on Serio–US Industries' motion to enjoin Plastic Recovery Technologies Corporation from displaying an allegedly patent infringing prototype automatic dumpster lock at a trade show. For the reasons discussed below, the motion is denied.

■ The motion for injunctive relief, of course, is authorized by 35 U.S.C. § 283. In ruling on a preliminary injunction, I am bound to consider: (1) the moving party's reasonable likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if a preliminary injunction is not granted; (3) whether the balance of hardships tips in favor of the moving party; and (4) whether the public interest favors the grant of a preliminary injunction. *Tate Access Floors, Inc. v. Interface Architectural,* 279 F.3d 1357, 1364–65 (Fed.Cir.2002).

■ Of course, in determining whether there is a reasonable likelihood of success on the merits, I have to determine the scope of the plaintiff's claims. *Cybor Corp. v. FAS Technologies, Inc.,* 138 F.3d 1448, 1554 (Fed.Cir.1998) (en banc).

■ The scope of Claim 1 of U.S. Patent 5,094,358 (" '358 claim") describes a front side mounted automatic dumpster locking mechanism which functions by locking a L-shaped lockover arm in place over the dumpster lid though the use of a "wedge assembly" which prevents a "swing bar" from moving when the dumpster is upright. *Compare* Exhibit 1 *with* Exhibit 3. The swing bar in turn prevents the bottom end of the lockover arm, named the "locking bar," from rotating. *Id.* When the dumpster is inverted by a garbage truck, the wedge assembly clears the swing lever, allowing the locking bar to pivot. *Id.* The lockover arm then clears the dumpster lid allowing it to open. *Id.*

From the comparison of the diagram of the accused device, Plaintiff's Exhibit 3, to the claim language of the '358 claim, it is clear that the Plastic Recovery lock does in fact infringe. Each of the elements depicted on that diagram functions as described within the claim. *See Tate Access Floors,* 279 F.3d at 1365 (accused device infringes if each and every limitation is literally or equivalently present).

Although Plastic Recovery argues that the Serio–US Industries claim is limited to "front side" mounted locks, I do not believe that the location of the lock is a limitation of the claim, and I do so find. Moreover, the side mounted lock of the Plastic Recovery device and the front side mounted lock of Serio–US Industries performs substantially the same function in substantially the same way. *Kahn v. General Motors Corp.,* 135 F.3d 1472, 1478 (Fed.Cir.1998) (doctrine of equivalents).

Accordingly, the Court determines that the Plastic Recovery device does infringe.

■ Unfortunately for Serio–US Industries, the analysis does not end there. A "clear showing" of patent validity and infringement, of course, raises a presumption of irreparable harm to the patentee. *Polymer Techs., Inc. v. Bridwell,* 103 F.3d 970, 973 (Fed.Cir.1996).

■ The presumption, however, is simply a procedural device and shifts the ultimate burden of production on the question of irreparable harm onto the alleged infringer. *Reebok Int'l Ltd. v. J. Baker, Inc.,* 32 F.3d 1552, 1556 (Fed.Cir.1994).

■ Like any other presumption in the law, it is rebuttable if the alleged infringer produces evidence sufficient to establish that the patentee will not be irreparably harmed by a denial of its motion for a temporary restraining order or other preliminary injunctive relief. *See Ill. Tool Works, Inc. v. Grip–Pak, Inc.,* 906 F.2d 679, 682 (Fed.Cir.1990); *Purdue Pharma L.P. v. Boehringer Ingelheim, GmbH,* 237 F.3d 1359, 1367–68 (Fed.Cir.2001).

■ Various types of evidence may suffice, including evidence that the market share of the movant dwarfs that of the non-movant. *Rosemount, Inc. v. U.S. Int'l Trade Comm'n,* 910 F.2d 819, 821 (Fed. Cir.1990). Also evidence of the presence of several non-infringing competitors in the marketplace substantially weakens the presumption of irreparable harm. *Id.* And evidence—or sufficient indication— of the ready availability and adequacy of monetary damages further reduces the necessity for injunctive relief. *See Eli Lilly & Co. v. American Cyanamid Co.,* 82 F.3d 1568, 1578 (Fed.Cir.1996) (finding that based on market, monetary damages could compensate actual harm likely suffered).

Serio–US enjoys a well-established and substantial part of the marketplace. Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for a Temporary Restraining Order, Exhibit 1, pg. 3, ¶ 13. This is a marketplace that Plastic Recovery has not entered. Opposition Ex. 2, pg. 9, ¶ 29.

■ I note that the infringing device is only in the prototype stage and has not yet reached production. *Id.* I note also from the exhibits supporting the complaint, including various patent certificates, it is clear that there are several non-infringing competitors who hold patents for and market automatic dumpster locks. Complaint Exhibits 2 & 3. If and when Plastic Recovery actually goes beyond the prototype stage and does in fact produce an infringing device, then I believe that any harm to Serio–US can be adequately compensated by monetary damages. *See Eli Lilly & Co.,* 82 F.3d at 1578 (Fed.Cir.1996).

I note, also, that the scope of relief sought by Serio–US Industries is fairly limited; that is, limitation on the display of a prototype of the Plastic Recovery device and the possibility of distribution of marketing materials relating to that device.

The threatened harm by this limited exposure of a device that is not in production is, in the Court's belief, an insufficient basis on which to find irreparable injury; and, accordingly, is an insufficient basis on which to grant preliminary injunctive relief.

Finding as I have, that there is no demonstrable likelihood of irreparable harm, I need not continue the analysis, *Polymer Techs., Inc.,* 103 F.3d at 973–74, of course, noting as I have in passing, that in private litigation the public interest is relatively limited.