# United States Court of Appeals for the Federal Circuit

05-1106, -1143, -1306

SERIO-US INDUSTRIES, INC.,

Plaintiff-Appellant,

v.

PLASTIC RECOVERY TECHNOLOGIES CORP.,

Defendant-Cross Appellant.

Matthew Stavish, Liniak, Berenato & White, LLC, of Bethesda, Maryland, argued for plaintiff-appellant.

Peter C. McCabe III, Winston & Strawn LLP, of Chicago, Illinois, argued for defendant-cross appellant. With him on the brief was Matthew R. Osenga.

Appealed from: United States District Court for the District of Maryland

Judge William D. Quarles, Jr.

# United States Court of Appeals for the Federal Circuit

05-1106,-1143,-1306

SERIO-US INDUSTRIES, INC.,

Plaintiff-Appellant,

v.

PLASTIC RECOVERY TECHNOLOGIES CORP.,

Defendant-Cross Appellant.

_____

DECIDED:  August 10, 2006

_____

Before LOURIE, RADER, and LINN, Circuit Judges.

RADER, Circuit Judge.

Serio-US Industries, Inc. (Serio-US) sued Plastic Recovery Technologies Corp. (PRT) in the United States District Court for the District of Maryland for infringement of claims 1-3 of United States Patent Number 5,094,358 ('358 patent) and claim 1 of United States Patent Number 5,662,364 ('364 patent).  PRT counter-claimed against Serio-US for state law tortious interference and unfair competition, and Lanham Act violations (§ 43(a)).  Following a jury trial, the trial court entered a judgment of non-infringement in favor of PRT.  Serio-US Indus., Inc. v. Plastic Recovery Tech., Corp., No. WDQ-03-1382 (D. Md. Oct. 19, 2004).  In addition, the trial court denied PRT's motion for judgment as a matter of law (JMOL) on its counter-claims of Lanham Act violations, tortious interference, and unfair competition.  The trial court also denied PRT's motion for attorney fees under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a).  In its

appeal, Serio-US asserts the trial court committed error in admission of particular evidence and on claim construction; PRT cross-appeals the trial court's denial of its JMOL and 35 U.S.C. § 285 motion. Because the record adequately supports the trial court's claim construction and other rulings, this court affirms.

I.

Serio-US manufactures and sells automatic locks for dumpsters. These "automatic" locks use gravity to open the dumpster as it is lifted by the trash truck. The '358 and '364 patents claim these inventions. Serio-US owns the '358 patent and exclusively licenses the '364 patent. PRT made and sold a competing lock. PRT had been designing and building its competing lock since approximately 2001.

The '358 and '364 patents claim different versions of dumpster-locking mechanisms. Both disclosed a gravity-actuated dumpster lock that prevents a dumpster from opening until inverted for emptying. Generally, the '358 patent discloses a "locking mechanism" that is comprised of an L-shaped lockover arm, locking bar, and locking bar rotation arresting means. The '364 patent generally disclosed a "latching mechanism" comprised of a latching arm, a slide member, a guide member and a trigger means for automatically latching said slide member to said guide member.

Figure 6 illustrates the principles of the '358 patent's invention:



**Figure 6**

Serio-US appeals the trial court's construction of the claim terms "on a front side of said container" and "locking bar rotation arresting means" in claim 1 of the '358 patent:

1. An automatic pivoting locking mechanism for a dumpster container

    having a hinged lid, said locking mechanism comprising:

    at least one L-shaped lockover arm mounted for pivotal rotation about a pivot axis on a front side of said container;

    a locking bar supporting said L-shaped lockover arm for pivotal rotation about said pivot axis on said front side of said container; and

    a locking bar rotation arresting means for securing said locking bar in a locking position, said arresting means comprising a swing lever extending from said locking bar which is engageable by a wedge assembly for wedging said swing lever against movement when said container is in an upright position, said wedge assembly releasing said locking bar to enable rotation about said pivot axis when said container is substantially forwardly pivoted.

In May 2003, Serio-US sued PRT for infringement of the '358 and '364 patents and unfair competition under the Lanham Act. In June 2003, the trial court denied Serio-US's request for a preliminary injunction. Serio-US Indus., Inc. v. Plastic Recovery Tech., Corp., 267 F.Supp. 2d 466 (D. Md. 2003). Though the trial court found that Serio-US would likely succeed on the merits, it did not find irreparable harm because PRT's accused device was not yet being manufactured. Id. at 468-69. In October 2004, the trial court received briefing on claim construction from both parties before trial, but held no hearing on the subject. Instead, the trial court issued its constructions of various claims of the '358 and '364 patents in the jury instructions. The jury trial began on October 12 and lasted until October 19, 2004. The jury rendered a verdict of non-infringement on both patents.

05-1106,-1143,-1306                    3

Serio-US, however, does not appeal the judgment entered by the court. Serio-US instead complains of the trial court's alleged errors in improperly admitting evidence during the jury trial and the trial court's alleged errors in claim construction that appear in the jury instructions. Serio-US claims that the jury instructions contain claim construction errors. Yet, even though Serio-US submitted proposed jury instructions on the second day of trial, the record does not show that Serio-US objected to the trial court's jury instructions. Serio-US also did not move for a JMOL or a new trial.

Nevertheless, Serio-US argues that the trial court erred by interpreting claim 1 of the '358 patent as a means-plus-function claim. Serio-US also argues that the district court erred in its construction of "on a front side of said container" ("front side" limitation) and "locking bar rotation arresting means." Even so, with regard to the '364 patent, Serio-US does not complain of any specific claim construction. Instead, it broadly complains that the trial court improperly permitted experts to testify about the interpretation of the '358 and '364 patent claims and to opine on the ultimate issue of infringement. Thus, Serio-US's complaints about the trial court's construction of the '364 patent's claim are procedural.

Nonetheless, because Serio-US made no Federal Rule of Civil Procedure 50 or 59 motions (JMOLs or motions for new trial) on the ultimate question of infringement, this court affirms because it finds no prejudicial legal error. Furthermore, because Serio-US did not object to the jury instructions, which contained the court's claim interpretations, this court affirms the trial court's entry of the judgment because it finds no plain error.

II.

The infringement analysis proceeds as a two-step process. "Step one, claim construction, is a question of law, that [this court] reviews <u>de novo</u>. Step two, comparison of the claims to the accused device, is a question of fact, and requires a determination that every claim limitation or its equivalent be found in the accused device." <u>N. Am. Container, Inc. v. Plastipak Packaging, Inc.</u>, 415 F.3d 1335, 1344 (Fed. Cir. 2005) (internal citations omitted). Thus, while claim construction is a question of law, <u>see</u> <u>Cybor Corp. v. FAS Techs. Inc.</u>, 138 F.3d 1448, 1451 (Fed. Cir. 1998) (en banc), infringement, whether literal or under the doctrine of equivalents, is a question of fact which this court reviews for substantial evidence, <u>see</u> <u>Optical Disc. Corp. v. Del Mar Avionics</u>, 208 F.3d 1324, 1333-34 (Fed. Cir. 2000); <u>Bai v. L & L Wings, Inc.</u>, 160 F.3d 1350, 1353 (Fed. Cir. 1998). To reach the claim construction in this case, however, requires a review of the jury instructions. Accordingly, this court's first concern involves Rule 51 of the Federal Rules of Civil Procedure (Rule 51) and the procedural law governing the preservation of objections to those instructions. <u>See</u> <u>Lummus Indus., Inc. v. D.M. & E., Corp.</u>, 862 F.2d 267, 270 (Fed. Cir. 1988) (applying Fourth Circuit law to determine the timeliness of an objection to a jury instruction).

A. Jury Instructions

Pursuant to Rule 51, a party must object to jury instructions "before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds for objection." <u>Advanced Display Sys., Inc. v. Kent State Univ.</u>, 212 F.3d 1272, 1281-82 (Fed. Cir. 2000); Fed. R. Civ. P. 51 (2005). A party seeking to alter a judgment based on erroneous jury instructions must establish that (1) it made a proper and timely

objection to the jury instructions, (2) those instructions were legally erroneous, (3) the errors had prejudicial effect, and (4) it requested alternative instructions that would have remedied the error. Id. at 1281. Rule 51 allows appeal of a jury instruction only upon a timely objection under subsection (c). Fed. R. Civ. P. 51(d)(1) (2005). Alternatively, a party may appeal a jury instruction upon a showing that it contains plain error that affects substantial rights not preserved under subsection (d). Fed. R. Civ. P. 51(d)(2) (2005).

In the Fourth Circuit, if a party does not object to an instruction before the jury retires and does not submit desired instructions, it cannot complain on appeal unless it shows plain error, as required under Rule 51(d). Pogue v. Retail Credit Co., 453 F.2d 336 (4th Cir. 1972), cert. denied, 409 U.S. 1109 (1973); Hyde v. Land-of-Sky Regional Council, 572 F.2d 988 (4th Cir. 1978). This rule gives fair notice to trial judges of the precise nature of objections to a charge and permits corrections before the jury retires. Thus, this rule prevents unnecessary repeat trials. Atl. Coast Line R.R. Co. v. Bennett, 251 F.2d 934, 938 (4th Cir. 1958). Furthermore, the Fourth Circuit has also held that a presentation of a lengthy request and prayer for instruction without any specific objections to the jury charge does not constitute compliance with Rule 51. St. Paul Fire & Marine Ins. Co. v. Piedmont Natural Gas Co., 397 F.2d 263, 264 (4th Cir. 1968).

Serio-US did not object to the jury instructions as required by Rule 51(c). As a result, it may only appeal plain error, if any, under Rule 51(d). Therefore the only way the Fourth Circuit permits the appeal of a trial judge's error in jury instructions without an objection lodged at trial is when the record shows "plain error" resulting in a miscarriage of justice. Barger v. Mayor & City Council of Balt., 616 F.2d 730 (4th Cir. 1980); United

05-1106,-1143,-1306                    6

States v. Bd. of Educ. of Mineral County, 253 F.2d 760, 765 (4th Cir. 1958). Plain error occurs when the error is so obvious or so serious that the public reputation and integrity of the judicial proceeding is impaired. Hafner v. Brown, 983 F.2d 570, 577 (4th Cir. 1992) (citing Dennis v. Gen. Elec. Corp., 762 F.2d 365, 367 (4th Cir.1985) (citing United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 239 (1940))).

This court perceives no miscarriage of justice. In fact, the jury charge, considered as a whole, "fairly and adequately state[d] the pertinent legal principles," which in this case is the claim construction in question. Edens v. Goodyear Tire & Rubber Co., 858 F.2d 198, 207 (4th Cir. 1988) (quoting Chavis v. Finnlines, Ltd., 576 F.2d 1072, 1076 (4th Cir. 1978)). For the reasons explained below, this court does not find plain error or a miscarriage of justice in the trial court's jury instruction, construing the "front side" limitation. Furthermore, this court need not reach the "locking bar rotation arresting means" because the trial court's correct construction of the "front side" limitation adequately supports the jury's finding.

## B. Claim Construction

This court need only ascertain that the district court's jury instruction containing its claim construction does not amount to a "miscarriage of justice." The trial court concluded that "front side" means "a location on a front side surface of a dumpster." Serio-US complains that the trial court erred in limiting the claim term "front side" to only the front side surface. Serio-US argues that the phrase "front side" means the portion of the container "toward the front." According to Serio-US, the '358 patent does not use the word "side" to refer to a surface, but to refer to a portion of an object.

A review of the intrinsic evidence in the patent shows the district court properly construed the "front side" limitation claim language to mean "a location on a front side surface of a dumpster." Transcript of Record at 910-912, Serio-US Indus., Inc. v. Plastic Recovery Tech., Corp., Nos. 05-1106, 05-1143, 05-1306 (Fed. Cir. argued Jan. 10, 2006) (emphasis added). In claim 8, the patent claims "a pivot shaft circumscribing the locking bar and extending along said front of said container." '358 patent, col. 4, ll. 47-49 (emphasis added). In claim 10, the locking mechanism "according to claim 8, further comprise[s] a hole through said locking bar and said pivot shaft, wherein a lock can be positioned through said hole." '358 patent, col. 4, ll. 53-56 (emphasis added). This claim language does not suggest that the district court's construction would amount to a "miscarriage of justice."

The specification also does not suggest any such miscarriage. According to the specification, the invention positioned "a lock, to lock the pivot bar in place with respect to the lockover arm, allowing the L-shaped lockover arm to be secured atop a lid of the dumpster container." '358 patent, col. 2, ll. 43-46 (emphasis added). Therefore, because the L-shaped lockover arm is secured atop the lid of a dumpster, and because the L-shaped lockover arm is fixed to the pivot shaft that extends along the front of the dumpster, then the claimed front side is the front side surface.

This court need not consider independently the "locking bar rotation arresting means" limitation. This court finds that the instructions as a whole fairly and adequately stated the pertinent legal principles, specifically the claim construction. As a result, this court does not detect any miscarriage of justice. This court affirms the trial court's claim construction.

C.  Request for New Trial

Furthermore, Serio-US asks this court to remand the case to the trial court for "a correct claim interpretation," and for "a new trial on the issue of infringement . . . ." Brief of Plaintiff-Appellant at 61, Serio-US Indus., Inc. v. Plastic Recovery Tech., Corp., Nos. 05-1106, 05-1143, 05-1306 (Fed. Cir. argued Jan. 10, 2006).  However, Serio-US did not file a motion for JMOL or new trial.  Without a motion for JMOL or a new trial after a jury verdict, this court will only vacate and remand if it finds a prejudicial legal error in the conduct of the trial.  Acoustical Design, Inc. v Control Elecs. Co., Inc., 932 F.2d 939, 941 (Fed. Cir. 1991) (citing Railroad Dynamics, Inc. v. A. Stucki Co., 727 F.2d 1506, 1511 (Fed. Cir. 1984).  "Prejudicial legal error exists when it appears to the court [that the error is] inconsistent with substantial justice.'" Advanced Display Sys., Inc. v. Kent State Univ., 212 F.3d 1272, 1283 (Fed. Cir. 2000) (quoting Fed.R.Civ.P. 61).  As explained above, this court detects no prejudicial legal error in the trial court's claim construction.  Thus, without Rule 50 and 59 motions, the jury verdict of infringement can only be vacated and remanded if prejudicial legal error is found.  Generally, if a judgment of infringement is not appealed, it is left standing.  See e.g., Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc., 261 F.3d 1329 (Fed. Cir. 2001). Having found no prejudicial legal error, this court affirms the trial court's entry of the judgment of non-infringement in accordance with the jury verdict.

III.

Turning to Serio-US's appeals of the trial court's admission of certain evidence, this court must affirm.  Serio-US appealed evidentiary rulings made by the trial court during hearings and the jury trial.  Serio-US seeks a remand for a new trial because it

believes the evidentiary rulings led to a flawed claim construction. Trial courts have the discretion to hear expert testimony in connection with claim construction issues. See Phillips v. AWH Corp., 415 F.3d 1303, 1318-19 (Fed. Cir. 2005) (en banc) ("[E]xtrinsic evidence in the form of expert testimony can be useful to a court for a variety of purposes . . . ."). Moreover, a trial court may consult the accused device for context that informs the claim construction process. Wilson Sporting Goods Co. v. Hillerich & Bradsby Co., 442 F.3d 1322, 1326-27 (Fed. Cir. 2006) ("knowledge of that product or process provides meaningful context for . . . claim construction."); Pall Corp. v. Hemasure Inc., 181 F.3d 1305, 1308 (Fed. Cir. 1999) ("Although the construction of the claim is independent of the device charged with infringement, it is convenient for the court to concentrate on those aspects of the claim whose relation to the accused device is in dispute.").

As this court stated recently, "a court should discount any expert testimony 'that is clearly at odds with the claim construction mandated by the claims themselves, the written description, and the prosecution history, in other words, with the written record of the patent.'" Phillips, 415 F.3d at 1318. In this case, the trial court did not abuse its discretion in using extrinsic evidence to arrive at its claim construction. Rather, the trial court gave appropriate reliance to the intrinsic evidence on the meaning of the patent. The trial court consulted expert testimony only "to provide background on the technology at issue, to explain how an invention works, to ensure that the court's understanding of the technical aspects of the patent is consistent with that of a person of skill in the art, or to establish that a particular term in the patent or the prior art has a

particular meaning in the pertinent field." Id. at 1318. As a result, this court affirms the trial court's evidentiary rulings.

IV.

Regarding PRT's cross-appeal, the trial court struck PRT's counterclaims, and denied PRT's JMOLs on its counterclaims. The trial court also denied PRT's motion for attorney fees under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a). PRT argues that Serio-US's claims of infringement were baseless, and therefore, made in bad faith. As the basis for attorney fees that it seeks, however, PRT only attacks Serio-US's behavior during litigation.

A. Counterclaims

Under the law of the United States Court of Appeals for the Fourth Circuit, this court reviews the dismissal of PRT's counterclaims without deference. De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). A court "should not dismiss a complaint for failure to state a claim unless after accepting all well-pleaded allegations in the [defendant's counterclaim] as true and drawing all reasonable factual inferences from those facts in the [defendant's] favor, it appears certain that the [defendant] cannot prove any set of facts in support of his claim entitling him to relief." Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005) (internal quotation marks and citations omitted).

Likewise, because PRT renewed its objection to the dismissal of its counterclaims following a jury trial through a JMOL, this court also applies the Fourth Circuit law. The Fourth Circuit holds that whether a JMOL should have been granted is a question of law requiring de novo review on appeal. Gairola v. Com. of Va. Dep't of

Gen. Servs., 753 F.2d 1281, 1285 (4th Cir. 1985). An appellate court may not, when reviewing the propriety of a JMOL, "weigh the evidence, pass on the credibility of witnesses, or substitute [its] judgment of the facts for that of the jury." Tights, Inc. v. Acme McCrary Corp., 541 F.2d 1047, 1055 (4th Cir. 1976). Although the courts have adopted numerous formulations for the standard of review regarding a JMOL, the test is essentially whether, without weighing the evidence or considering the credibility of the witnesses, "there can be but one conclusion as to the verdict that reasonable jurors could have reached." Wheatley v. Gladden, 660 F.2d 1024, 1027 (4th Cir. 1981).

The trial court found that Serio-US brought its action in reliance on the opinion of patent counsel. Before filing suit, Serio-US also attempted to communicate with PRT, but received no response. In addition, the trial court noted that its initial ruling on a motion for a temporary restraining order detected a likelihood that Serio-US would succeed on the merits of its infringement claims against PRT. Thus, the record amply supports the trial court's rulings.

(1) State Law Counterclaims

However, despite ample support in the record, this court has held that federal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation. See, e.g., Zenith Elecs. Corp. v. Exzec, Inc., 182 F.3d 1340, 1355 (Fed. Cir. 1999). Therefore, this court must first determine whether federal patent law preempts any of PRT's counterclaims.

In its counter-claim, PRT asserted causes of action for unfair competition in violation of the Lanham Act (§ 43(a)), and state common law tortious interference and

unfair competition claims. The only factual assertions contained in PRT's counterclaim refer to Serio-US's "statements to the garbage industry and trade generally and to its customers and PRT's customers specifically stating that PRT's product infringes the '358 and '364 patents."

Therefore, with regard to PRT's state-law claims, they survive federal preemption only to the extent that those claims are based on a showing of "bad faith" action in asserting infringement. Zenith, 182 F.3d at 1355. Accordingly, to avoid preemption, "bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort claim." Id. In Globetrotter Software, Inc. v. Elan Computer Group, Inc., 362 F.3d 1367, 1377 (Fed. Cir. 2004), this court held that "[a] plaintiff claiming that a patent holder has engaged in wrongful conduct by asserting claims of patent infringement must establish that the claims of infringement were objectively baseless." As noted, the trial court's preliminary injunction order, weighing a likelihood of infringement, "determine[d] that the Plastic Recovery device does infringe." Serio-US, 267 F.Supp. 2d at 468-69. In addition, before dismissing the state law counterclaims, PRT outlined for the trial court all of the facts that supported their state law counterclaims. Furthermore, in dismissing the state law counterclaims, the trial court twice noted that Serio-US's claims were objectively reasonable. The trial court also noted that Serio-US relied upon patent counsel in deciding to sue PRT for infringement. Furthermore, even following a jury trial, the trial court still found no evidence to support reinstatement of the previously dismissed counterclaims. This court has previously stated:

> A patentee that has a good faith belief that its patents are being infringed violates no protected right when it so notifies infringers. Accordingly, a

> patentee must be allowed to make its rights known to a potential infringer so that the latter can determine whether to cease its allegedly infringing activities, negotiate a license if one is offered, or decide to run the risk of liability and/or the imposition of an injunction.

Va. Panel Corp. v. MAC Panel Co., 133 F.3d 860, 869 (Fed. Cir. 1997) (quoting Mallinckrodt, Inc. v. Medipart, Inc., 976 F.2d 700, 709 (Fed. Cir. 1992)). The trial court did not find that Serio-US acted in bad faith. This court, likewise, does not find that the only conclusion that reasonable jurors could have reached was that Serio-US engaged in bad faith. This court, therefore, affirms the trial court's denial of PRT's JMOL affirming the trial court's dismissal of its state law counterclaims.

### (2) Lanham Act Unfair Competition Counterclaim

With regard to PRT's Lanham Act unfair competition counterclaim, Federal Circuit law also applies. Zenith, 182 F.3d at 1346-47. Because of the tension between federal patent law and a Lanham Act claim for unfair competition, id. at 1352-53, this court previously concluded that it will impose § 43(a) liability on a patentee for marketplace statements only if the statements are proven to have been made in bad faith, id. at 1354-55. Because the analysis is the same as for the state law counterclaims asserted by PRT, this court also affirms the trial court's denial of PRT's JMOL affirming the trial court's dismissal of PRT's § 43(a) unfair competition counterclaim.

### B. 35 U.S.C. § 285 "Exceptional Case" Attorney Fees

PRT appeals the trial court's refusal of attorney fees under section 285. This court applies Federal Circuit law to the issue of attorney fees in patent infringement cases. Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1343 (Fed. Cir. 2001). The court in exceptional cases may award reasonable attorney fees to the prevailing party.

35 U.S.C. § 285 (2005). This court reviews a denial of attorney fees under 35 U.S.C. § 285 for an abuse of discretion; but reviews the factual determination whether a case is exceptional under § 285 for clear error. Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1328 (Fed. Cir. 2003).

Exceptional cases usually feature some material, inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions. See, e.g., Cambridge Prods. Ltd. v. Penn Nutrients, Inc., 962 F.2d 1048, 1050-51 (Fed. Cir. 1992); Beckman Instr., Inc., v. LKB Produkter AB, 892 F.2d 1547, 1551 (Fed. Cir. 1989). Absent misconduct in the litigation or in securing the patent, a trial court may only sanction the patentee if both the litigation is brought in subjective bad faith and the litigation is objectively baseless. Professional Real Estate Investors v. Columbia Pictures Indus., 508 U.S. 49, 60-61 (1993); see also Forest Labs., 339 F.3d at 1329-31. In this case, the standards for an exceptional case mirror the standards for deciding PRT's counterclaims. To ascertain the exceptionality of this case, the trial court needed to examine whether Serio-US undertook this litigation in bad faith.

As previously noted, the trial court noted that its initial assessment of the merits of Serio-US's case found a likelihood of success on infringement. Serio-US, 267 F.Supp. 2d at 468-69. The trial court also noted that Serio-US relied on the opinion of patent counsel in initiating its action, and did not proceed without efforts to contact PRT. Following a jury trial, the trial court again entertained PRT's requests for recovery in the form of a JMOL on its counterclaims and a motion for attorney fees as an exceptional

case. Even after hearing all the evidence during the jury trial, the trial court again denied the request for recovery.

The trial court did not entertain oral argument or issue any opinion explaining its reasoning. See Superior Fireplace Co. v. Majestic Prods. Co., 270 F.3d 1358, 1376 (Fed. Cir. 2001). Nevertheless, other than the facts supporting PRT's counterclaims, which were properly dismissed, PRT did not put forth any additional facts or conduct to support a finding that this case is exceptional. Thus, the trial court adequately reviewed the facts that support a determination of "an exceptional case." Moreover, the denial of attorney fees is discretionary and "permits the judge to weigh intangible as well as tangible factors: the degree of culpability of the infringer, the closeness of the question, litigation behavior, and any other factors whereby fee shifting may serve as an instrument of justice." 270 F.3d at 1378 (citing Nat'l Presto Indus., Inc. v. West Bend Co., 76 F.3d 1185, 1197 (Fed. Cir. 1996)). The trial court denied the section 285 attorney fees a second time after hearing all of the evidence presented to the jury.

Thus, the record as a whole in this case adequately supports the denial of attorney fees. This court detects no clear error in the trial court's factual findings, and no abuse of discretion in its denial of attorney fees. As a result, this court, affirms the trial court's denial of PRT's 35 U.S.C. § 285 attorney fees.

COSTS

Each party shall bear its own costs.

AFFIRMED