**COMPUTER DOCKING STATION CORPORATION, Plaintiff,**

v.

**DELL, INC., Gateway, Inc., Toshiba America, Inc. and Toshiba America Information Systems, Inc., Defendants.**

No. 06–C–0032–C.

United States District Court, W.D. Wisconsin.

March 29, 2007.

Todd G. Smith, Godfrey & Kahn, S.C., Michael J. Modl, Axley Brynelson, LLP, James R. Cole, Quarles & Brady, Madison, WI, for Defendants.

## OPINION AND ORDER

BARBARA B. CRABB, District Judge.

Final judgment has been entered in this civil case for patent infringement. It is before the court now on defendants' motion for a finding that the case is exceptional within the meaning of 35 U.S.C. § 285, warranting an award of attorney fees and costs to defendants, and for amendment of the final judgment to include the award. In addition, plaintiff has moved for leave to file supplementary declarations in support of its opposition to defendant's motion.

█ At the outset, it is necessary to make it clear who the moving defendants are. Counsel for defendant Dell, Inc., filed the motion on behalf of "all defendants," without naming the moving defendants. The motion papers had a caption listing the names of all eight defendants that were sued originally by plaintiff Computer Docking Station Corporation (Dell, Inc., Gateway, Inc., Toshiba America, Inc., Toshiba America Information Systems, Inc., Fujitsu Computer Systems Corporation, Hewlett Packard Company, International Business Machines Corporation and Leno-

va (United States)). In light of the fact that four of the defendants (Fujitsu, Hewlett Packard, IBM and Lenova) have been dismissed with prejudice at various times and the stipulations incorporating the dismissals stated explicitly that the parties to the stipulations were to pay their own fees and costs, dkt. ## 68, 69, 94 and 95, I assume that counsel's reference to "all defendants" includes only the four listed in the caption above.

█ Defendants' motion was filed within 14 days of the entry of judgment in this case and is therefore timely. *See IPXL Holdings, L.L.C. v. Amazon.com, Inc.,* 430 F.3d 1377 (Fed.Cir.2005) (holding that correct way to perfect claim for attorney fees under § 285 is through compliance with Fed.R.Civ.P. 54(d)(2)(B), which requires motions for attorney fees to be filed no later than 14 days after entry of judgment).

Defendants contend that the court can find by clear and convincing evidence that this is an exceptional case both because plaintiff had no good faith basis for bringing it and because plaintiff made an unreasonable decision to continue prosecution after the court's claims construction made it obvious that plaintiff could not prevail. In defendants' view, plaintiff was unreasonable in filing this action because the specification and prosecution history of the patent in suit (U.S. Patent No. 5,187,645) left no doubt that the patent does not cover laptop computers and was never intended to, yet the only devices that plaintiff accused of infringement were laptop computers. Moreover, they argue, plaintiff was unreasonable in continuing the litigation after the court foreclosed any question about the application of the patent to laptops by construing the portable microprocessor system claimed in the patent as not applying to laptop computers. In similar fashion, they maintain, plaintiff

was unreasonable in pursuing a contention that the "all connections" limitation of the '645 patent would cover an embodiment in which fewer than all of the individual peripheral connections passed through the single connector. In response, plaintiff argues that none of its positions was frivolous but rather presented close legal questions and that it and its lawyers undertook an extensive pre-filing investigation before deciding to sue.

I conclude that although plaintiff's decision to initiate this litigation was questionable, its actions were not so objectively baseless as to make this an exceptional case under § 285. Therefore, I will deny defendants' motion. In reaching this conclusion, I found it unnecessary to consider the supplemental declarations filed by plaintiff. Therefore, its motion to file the declarations will be denied.

## OPINION

### A. *Motion for Attorney Fees*

#### 1. *Legal standard*

■ Ordinarily, the American Rule governs the awarding of attorney fees in patent cases, as it does in most civil litigation. The prevailing party absorbs its own costs and fees unless it can show both that it has a source of authority allowing recoupment of those costs and fees, such as a statute or contractual agreement, and that it meets the criteria for an award under that authority. In patent cases, 35 U.S.C. § 285 authorizes a court to award reasonable attorney fees to prevailing parties if it finds, by clear and convincing evidence, *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed.Cir. 1989), that the case is "exceptional." A shorthand way of putting this is that a court may find a case exceptional if the conduct of the losing party would make it grossly unjust for the prevailing party to

be left with the burden of litigation expenses. *Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1364 (Fed.Cir.1990). "Cases awarding attorney fees to prevailing patentees have typically found 'exceptional' circumstances in willful and deliberate infringement by an infringer, or in the prolongation of litigation in bad faith." *Rohm & Haas Co. v. Crystal Chemical Co.*, 736 F.2d 688, 691 (Fed.Cir.1984). Other factors include (1) the degree of culpability of the infringer; (2) the closeness of the question; (3) litigation behavior; and (4) "any other factors whereby fee shifting may serve as an instrument of justice." *National Presto Industries, Inc. v. West Bend Co.*, 76 F.3d 1185, 1197 (Fed. Cir.1996). In cases in which the alleged infringer is the prevailing party, exceptionality resides in cases that involve litigation misconduct, bad faith in bringing or pursuing the case or misconduct in the procurement of the patent. *Stevenson v. Sears, Roebuck & Co.*, 713 F.2d 705, 713 (Fed.Cir. 1983).

■ Even if the court finds a case exceptional, it need not make an award of fees and costs, but retains the discretion to decide both whether to make or withhold an award and the amount of the award, if one is given, subject only to the condition that any amount awarded must be reasonable. *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1480 (Fed.Cir.1998).

#### 2. *Plaintiff's prosecution of the case*

Plaintiff is the owner by assignment of U.S. Patent No. 5,187,645, which issued in February 1993. According to the patent abstract, the '645 patent is directed to a microcomputer system that has a microprocessor and a housing for holding it that includes sets of connectors that enable users to make connections to external components via a docking connector. Essentially, the concept is a portable hard drive

that can be connected easily and quickly through the docking station to an electrical source and to peripherals such as keyboard, visual display screen, printer, mouse and disk drive, all running through a single connector in the docking station. (In the days before laptops had significant computing capacity, it was reasonable to think there was money to be made from a small-sized hard drive that could be moved easily between home and work, with easy connections at each end.)

Plaintiff brought this case on January 17, 2006, alleging that defendants plus two of the four other companies since dismissed had infringed the '645 patent directly and indirectly by making, using, selling or offering for sale devices embodying one or more of the claims of the patent. In an amended complaint, plaintiff added International Business Machines and Lenova (America) as defendants. Plaintiff identified the accused devices as notebook or portable computers and docking stations. Defendants filed answers and counterclaims in which they asked for declaratory relief as to non-infringement and invalidity of the '645 patent, as well as unenforceability of the patent because of plaintiff's inequitable conduct before the United States Patent and Trademark Office.

A claims construction hearing was held on July 28, 2006. By this time, four of the named defendants had settled with plaintiff so that only the moving defendants took part in the hearing. In a written order entered on August 16, 2006, I construed the contested terms in the '645 patent. Of relevance to defendants' motion for attorney fees and costs, I construed the terms "portable computer" and "portable computer microprocessor system" as meaning a "computer without a built-in display or keyboard that is capable of being moved or carried about." In ar-

riving at this construction, I found compelling evidence in both the prosecution history and the patent specification that the device claimed in the patent was distinguishable from a laptop computer. In addition, I found that the applicants had emphasized the differences between their invention and laptop computers in order to overcome the patent examiner's objections to their original application. Because of the statements the applicants had made, I found application of the prosecution disclaimer doctrine appropriate. I construed the phrase "said single connector for making all connections from the microprocessor to said computer peripheral devices" as requiring that all connections on the housing pass through the single connector.

On September 15, 2006, plaintiff moved for entry of final judgment of non-infringement, conceding that the items it had accused of infringement did not infringe under the court's construction of the patent claim terms. It acknowledged that each accused device included a computer with attached keyboard and display affixed and that some of the accused devices did not have all of the connectors on the housing in the single connector. Plaintiff sought dismissal of defendants' counterclaims. At first glance, this motion seemed to be a means of bringing the case to an end. However, defendants opposed the motion on the ground that the parties could not agree on a form of judgment that would result in resolution of the matter without leaving important issues for further litigation, while allowing plaintiff to appeal.

Defendants represented to the court that the parties were at loggerheads on the question whether the court's construction of "all connections" provided an alternative and independent basis for finding non-infringement and they warned that the entry of judgment on plaintiff's terms would set up a potential need for further

proceedings and the possibility of a second appeal. In opposition, plaintiff argued that going forward with the case would be a waste of valuable resources because a final decision on the "all connections" infringement was not necessary to dispose of the case. Plaintiff maintained that much of the controversy on this point was attributable to defendants' refusal to cooperate in discovery and advise plaintiff of the identity and characteristics of each portable computer model they made or sold.

Despite the very real possibility of making unnecessary work for the parties and for the court, I was unwilling to enter judgment on plaintiff's terms if doing so presented a strong possibility of piecemeal appeals. Given two less than perfect alternatives, I chose the one most likely to resolve the entire litigation in a way that would leave the fewest loose ends and save the court of appeals from hearing any more appeals than necessary. Accordingly, I denied plaintiff's motion for entry of judgment.

The parties proceeded to brief defendants' summary judgment motion, which was granted in an order entered on January 10, 2007, 2007 WL 5117465. I found as fact that each of the accused products had peripheral device connections that did not pass through a single connector. Thus, none of them infringed the "all connection" limitation contained in the relevant claims of the '645 patent. Once it was clear that defendants' products were not infringing, it was unnecessary to address any of defendants' counterclaims seeking relief in the form of a declaration that they did not infringe, that the '645 patent was invalid or that it was unenforceable because of plaintiff's conduct before the patent and trademark office. Final judgment was entered for defendants on January 12, 2007.

### 3. *Plaintiff's alleged litigation misconduct*

In hindsight, plaintiff's contention that laptop computers could infringe the claims of the '645 patent seems more the product of wishful thinking than a fully considered decision. However, hindsight is not the vantage point from which to evaluate the legitimacy of a particular litigation strategy. Although it seems plain now that the '645 patent does not cover the accused laptop devices in light of plaintiff's representations in the patent itself and its statements to the patent office during the application process, it did not seem self-evident at the beginning of the claim construction analysis.

Moreover, plaintiff has submitted affidavits of its employees and counsel, attesting to the pre-filing investigation they made of the patent, the patent history and the literature in the field. One of its engineers has averred that he dismantled one of the accused devices manufactured by defendant Dell and performed various electrical tests on it. In addition, plaintiff asserts that before filing its complaint, it either engaged in extensive discussions with all of the potential defendants or made attempts to do so and that it prepared infringement claim charts that it sent to each defendant, along with a letter inviting each to become a licensee of the '645 patent.

Plaintiff emphasizes the point that Hewlett–Packard, IBM, Lenova and Fujitsu chose to take a license rather than to continue to litigate, but it does not provide any information about the license agreements. Without that information, I cannot say that the fact of the agreements has any significance. Companies have many reasons to choose settlement over continued litigation, given the costs of litigation in money and in time diverted from the business enterprise.

Nevertheless, plaintiff's pre-filing inquiries suggest that plaintiff engaged in a serious effort to evaluate the likelihood of success on its patent claims. Although I disagree with the conclusion plaintiff reached, I cannot say that bringing the suit demonstrates bad faith or litigation misconduct. *Cambridge Products, Ltd. v. Penn Nutrients, Inc.,* 962 F.2d 1048, 1050 (Fed.Cir.1992) (reasonable pre-filing inquiry shown by plaintiff's testing of sample of allegedly infringing product, commissioning chemical analyses and acquiring documentary evidence that appeared to confirm that accused product fell within chemical specifications of patented method, even if plaintiff did not ask alleged infringer about the method it practiced); *see also Serio–US Industries, Inc. v. Plastic Recovery Technologies, Corp.,* 459 F.3d 1311, 1322 (Fed.Cir.2006) (upholding trial court's finding that defendant was not entitled to award of attorney fees under § 285 when plaintiff relied on opinion of patent counsel and made efforts to talk with defendant before bringing suit).

■ The second question defendants raise is whether plaintiff had any basis for continuing the suit after the claims had been construed unfavorably to plaintiff. The question is a close one, but I cannot say that it was unreasonable for plaintiff to resist giving up its claim that at least some of defendants' computers met the all connections limitation. If the court of appeals were to find that this court had erred in its determination that the patent did not cover any laptop computers, plaintiff had a possibility of prevailing on the all connections claim. It was not unreasonable for plaintiff to think that it could prove that not all of the connections on defendants' laptops came within the '645 patent's definition of all connections. Certainly, the issue was not clear-cut or obvious at the time that plaintiff made its decision to continue litigating.

■ In upholding district court findings of exceptionality, the Federal Circuit has made it plain that the term "exceptional" means just that. It does not apply to miscalculation about the chances of prevailing or run-of-the-mill litigation problems. *See Rohm & Haas,* 736 F.2d at 690–91 (Congress did not intend award of attorney fees to be ordinary consequence in patent suits). In *Beckman,* 892 F.2d 1547, for example, a finding of exceptionality was upheld in a case in which the court found that the defendant had violated the terms of the court's permanent injunction "deliberately and intentionally" on three occasions, had asserted defenses that were either of marginal relevance or that were later dropped, as well as a baseless claim of inequitable conduct and had engaged in additional discovery and trial abuses. In *Brasseler USA I, L.P. v. Stryker Sales Corp.,* 267 F.3d 1370 (Fed.Cir.2001), exceptionality was based on the patentee's failure to advise the patent office that it had sold more than 3,250 blades for which the applicant was seeking patent protection and that it had done so more than a year before filing its patent application. In *Fraige v. American–National Watermattress Corp.,* 996 F.2d 295 (Fed.Cir.1993), the court awarded attorney fees to the plaintiff after finding that the defendant had submitted a forged advertisement in an effort to show that the patented invention had been on sale more than one year before the patent application was filed. In *nCube Corp. v. SeaChange Intern., Inc.,* 436 F.3d 1317 (Fed.Cir.2006), the Federal Circuit approved a finding of exceptionality based on the defendant's deliberate copying of the plaintiff's invention and lack of any investigation of the scope of the patent.

In two recent cases in this court, I have awarded attorney fees after finding far more egregious and blatant conduct than is present in this case. In *Bruno Independent Living Aids, Inc. v. Acorn Mobility Services Ltd.*, 277 F.Supp.2d 965 (W.D.Wis.2003), I found that the plaintiff engaged in inequitable conduct before the patent office when it failed to disclose material prior art that it knew about and should have known was material. Op. & Order entered August 14, 2003, 277 F.Supp.2d at 969–71. The prior art included sales brochures touting products for which the plaintiff was seeking Food and Drug Administration approval at same time it was seeking a patent on the invention the products embodied. Despite its knowledge that the brochures existed and showed that plaintiff's products had been on sale for more than a year, plaintiff never filed the sales brochures with the patent office.

In *Third Wave Technologies, Inc. v. Stratagene Corp.*, 405 F.Supp.2d 991 (W.D.Wis.2005), I awarded attorney fees against a party that had engaged in numerous acts of litigation misconduct. These included untruthful answers to interrogatories, disobedience of the court's discovery orders, unilateral cancellation of depositions, violation of the protective order, assertion of wholly unsupported defenses and frivolous responses to plaintiff's proposed findings of fact in support of its motion for summary judgment.

I am not persuaded that this case is similar enough to these exemplars to justify a finding of exceptionality. I am not left with the indisputable conclusion that an award of attorney fees is necessary to avoid a gross injustice to defendants. *Rohm & Haas*, 736 F.2d at 691. The case is not an exceptional one in which defendants should be awarded attorney fees and costs.

ORDER

IT IS ORDERED that the motion of defendants Dell, Inc., Gateway, Inc., Toshiba America, Inc., and Toshiba America Information Systems, Inc., for a finding that this case is exceptional within the meaning of 35 U.S.C. § 285 is DENIED, as is defendants' motion to amend the judgment entered on January 12, 2007. FURTHER, IT IS ORDERED that plaintiff Computer Docking Station Corporation's motion for leave to file supplemental declarations in support of its opposition to defendants' motion for an award of attorney fees and costs is DENIED as unnecessary.